**Robert SNIPES, Plaintiff–Appellant/Cross–Appellee,**

v.

**ILLINOIS DEPARTMENT OF CORRECTIONS, Defendant–Appellee/Cross–Appellant.**

**Nos. 01–3148, 01–3493.**

United States Court of Appeals, Seventh Circuit.

Argued April 19, 2002.

Decided May 23, 2002.

Anne Davis Cartwright, Michael D. Wells (argued), Winston & Strawn, Chicago, IL, for Plaintiff–Appellant.

Mary E. Welsh (argued), Office of Attorney General, Civil Appeals Div., Chicago, IL, for Defendant–Appellee.

Before BAUER, POSNER and EASTERBROOK, Circuit Judges.

BAUER, Circuit Judge.

Robert Snipes initiated this suit, claiming discriminatory retaliation by the Illinois Department of Corrections in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–3(a), for his complaints of racial discrimination while working as a correctional officer at the Department. The district court entered judgment in favor of the Department, finding that Snipes failed to prove that he was terminated in retaliation for his discrimination complaints. Snipes then filed this appeal, arguing that the district court erred in excluding and failing to consider evidence regarding the disparate treatment of other correctional officers under the Department's attendance policy. The Department cross-appealed, asserting that the district court abused its discretion in denying a bill of costs for $1785.00 submitted by the Department.

**Background**

Snipes was employed as a correctional officer at the Department from August 1988 to September 1991, when he was discharged for violating the Department's attendance policy eleven times (more than the threshold number for discharge under the policy). Within one hundred and eighty (180) days of his termination, Snipes filed a Charge of Discrimination with the Illinois Department of Human Rights. A "right to sue" letter was subsequently issued to Snipes by the Equal Employment Opportunity Commission.

In January of 1996, Snipes filed a *pro se* complaint against the Department. After receiving permission to proceed in *forma pauperis*, Snipes filed an amended complaint through court appointed counsel, claiming that he was discharged by the Department in retaliation for complaining about instances of race discrimination at the Department. The case proceeded to a bench trial, where the only issue ultimately before the court was whether the Department used its attendance policy as a pretext for terminating Snipes in retaliation for his complaints of racial discrimination.

In an effort to prove his retaliation claim, Snipes sought to introduce the disciplinary records of other correctional officers. The Department moved to exclude such evidence regarding the discipline given to and received by other correctional officers for violations of the Department's attendance policy. The Department argued that disparate disciplinary treatment of correctional officers by different supervisors in different time periods is irrelevant because disparate treatment is not an element of a retaliation claim. The court found that the lack of commonality in supervisors among those correctional officers disciplined for attendance violations rendered them incomparable and therefore irrelevant to Snipes' case.

At the conclusion of the trial, the court found that the evidence presented failed to establish a causal link between Snipes' statutorily protected expression (*i.e.,* his complaints of racial discrimination) and the adverse employment action he suffered (*i.e.,* his termination). Judgment was entered in favor of the Department.

Following the trial, the Department filed a timely motion for an award of costs. The bill of costs submitted by the Department sought $1785.00 for deposition and trial transcripts as well as for copying fees. In response, Snipes submitted a declaration detailing his financial status. After reviewing this information, the court de-

termined that Snipes was indigent, and was presently and prospectively unable to pay the costs.

## Discussion

### A) Exclusion of Evidence

■■■ We review the district court's decision to exclude evidence under an abuse of discretion standard. *United States v. Wilson,* 159 F.3d 280, 290 (7th Cir.1998). Our inquiry is not whether we would have ruled the same way, but rather whether any reasonable person would agree with the trial court. *United States v. Johnson,* 127 F.3d 625, 630 (7th Cir.1997).

■■■ Where a plaintiff claims that he was disciplined by his employer more harshly than a similarly situated employee based on some prohibited reason, a plaintiff must show that he is similarly situated with respect to performance, qualifications and conduct. *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 617 (7th Cir.2000) (citations omitted). Such a showing normally entails establishing that "the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.* at 617–18 (citations omitted). Requiring that the plaintiff establish these similarities is simply common sense, as "[d]ifferent employment decisions, concerning different employees, made by different supervisors ... sufficiently account for any disparity in treatment, thereby preventing an inference of discrimination." *Id.* at 618 (citations omitted).

■■■ The district court did not abuse its discretion in finding that Snipes failed to meet this minimum evidentiary threshold. Snipes argues that despite the lack of commonality in supervisors among the correctional officers disciplined for attendance violations, he and those correctional officers are nonetheless similarly situated because they held the same job positions, were subjected to the same evaluation process, worked for the Department during the same time frame, were subjected to the same attendance policy, and were exposed to the same multi-layer, centralized disciplinary process for those violations. We are not persuaded.

While Snipes and the other correctional officers were technically subject to the same written attendance policy and formal disciplinary process, the record also shows that the difference in supervisors under whom Snipes and the other correctional officers worked resulted in disparate *application of* and *adherence* to such policy and process. Given the inconsistent administration of relevant policy and process under different supervisors, the district court's conclusion that the lack of commonality in supervisors among the correctional officers disciplined for attendance violations precluded an inference of discrimination is not unreasonable. *See, e.g., Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir.2002) (finding that plaintiff was not comparable to another employee in all material respects where plaintiff and other employee were evaluated by different supervisors); *Radue,* 219 F.3d at 618 (finding that lack of common supervisor precluded showing of similarity because when "different decision-makers are involved, two decisions are rarely similarly situated in all respects") (citations omitted). Because the district court acted within its discretion in determining that Snipes and other correctional officers disciplined for attendance violations were not similarly situated, evidence regarding the disciplinary records of those officers was properly excluded.

### B) Bill of Costs

■■■ With respect to the issue of costs, the Department failed to comply

with Circuit Rule 30, which requires that a cross-appellant include in its brief any "judgment or order under review and any opinion, memorandum of decision, findings of fact and conclusions of law, or oral statement of reasons delivered by the trial court or administrative agency upon the rendering of that judgment, decree, or order" not included by the appellant. 7TH CIR. R. 30. The purpose of Rule 30 is to ensure that this Court has all documents necessary to a fair and complete consideration of the arguments presented. *Hill v. Porter Memorial Hosp.*, 90 F.3d 220, 225–26 (7th Cir.1996). It is well established that where an appellant or cross-appellant thwarts this purpose by failing to comply with Rule 30, this Court may dismiss the appeal or summarily affirm the judgment. *Id.* (citations omitted). Because the Department failed to include in its appendix the subject order denying its motion for costs, summary affirmance is proper.

### Conclusion

The decision of the district court is AF-FIRMED in all respects.