Patricia WALTERS, Plaintiff–Appellant,

v.

CENTRAL STATES COCA–COLA BOT-TLING CO., a division of Coca–Cola Enterprises and Johnston Coca Cola Bottling Group, Defendant–Appellee.

Nos. 01–3852, 02–1362.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Oct. 23, 2002.

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

ORDER

Patricia Walters, a former employee of Central States Coca–Cola Bottling Company ("Coca–Cola"), sued Coca–Cola asserting that she had been subjected to a hostile work environment and fired in retaliation for filing both a complaint with the Equal Employment Opportunity Commission ("EEOC") and a lawsuit against Coca–Cola. After a bench trial the district court found in favor of Coca–Cola, determining that Walters had not suffered

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

any intentional discrimination. She appeals, and we affirm.

## BACKGROUND

Walters was employed as a Cold Drink Account Manager at Coca–Cola's Peru, Illinois sales center from 1995 until she was terminated on September 2, 1999. In that position, she marketed Coca–Cola products to businesses in central Illinois. In June 1998 Walters filed a charge of discrimination with the EEOC alleging that she was being harassed and discriminated against because of her sex. Shortly thereafter Walters received a memorandum from her supervisor, Mike Rhode, detailing performance deficiencies such as her failure to complete assigned work, failure to follow company policy, and her insubordinate attitude. Walters's performance improved after receiving the memo. In July 1998, Walters filed the present suit against Coca–Cola after receiving a right-to-sue letter from the EEOC.

During the remainder of 1998 and 1999, Walters's performance again began to slip. Although Coca–Cola admits that she did have "some significant successes in the marketplace," the volume of products she sold slipped in 1999. She also sent numerous emails to her supervisors complaining about various aspects of her employment, including her co-workers' performance; these emails created a perception among her supervisors that she complained constantly rather than attempted to resolve her problems. Mike White, who became the Peru facility's Sales Center Manager in 1999, eventually decided to terminate Walters's employment in August 1999. White based his decision on a number of factors, including Walters's sales performance, her insubordinate attitude, and complaints he received about her from customers and potential customers. White sent a series of emails to his supervisor, Les Blankenship, and Coca–Cola's human resources department outlining Walters's misconduct and seeking permission to terminate her. He subsequently received their permission and fired Walters. Around the time she was fired, Walters filed a suit in Illinois state court claiming that Coca–Cola failed to pay her for overtime.

After her termination, Walters filed two amended complaints in this action. The district court granted summary judgment to Coca–Cola on several of her claims, leaving three claims remaining for trial: 1) retaliatory discharge for filing her 1998 EEOC complaint, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 2) retaliatory discharge for filing her 1999 wage claim suit in Illinois court, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; and 3) hostile work environment, in violation of Title VII. The court held a bench trial, at which Walters represented herself pro se, and ultimately held that Walters had failed to prove that Coca–Cola retaliated against her or subjected her to a hostile work environment. Walters subsequently filed several motions to reconsider and for relief from judgment which were all denied by the district court, and she timely appealed.

## DISCUSSION

■ Walters first argues that the district court erred by finding that Coca–Cola had not retaliated against her in violation of the FLSA when it fired her shortly after she filed a lawsuit against it regarding pay issues. While her argument is not entirely clear, she appears to assert that the district court failed to make any findings of fact or conclusions of law to support its decision. A plaintiff bringing a claim under the FLSA must prove that 1) she engaged in protected expression, 2)

suffered an adverse employment action, and 3) a causal link existed between the protected expression and the adverse action. *Scott v. Sunrise Healthcare Corp.,* 195 F.3d 938, 940 (7th Cir.1999). Here, the district court clearly articulated its factual findings and legal conclusions regarding each of these elements. In its ruling, the court found that Walters "failed to provide evidence that could lead a reasonable person to believe that either White, who made the decision to terminate her, or any of the persons who approved the decision, had any knowledge of the complaint." That finding supports its conclusion that Walters's termination was not retaliatory, because the individuals who terminated her could not have done so in retaliation for a complaint they did not know about. *See id.* (FLSA claim failed where plaintiff failed to show that people who fired her knew of her complaints). To the extent that Walters is arguing that the court's factual findings or legal conclusions are incorrect, our review of the record has revealed no error by the district court.

Walters next argues that the district court erroneously found that she was not retaliated against in violation of Title VII for filing her charge of discrimination with the EEOC in 1998. To prove a case of retaliation under Title VII, a plaintiff must establish the same elements as under the FLSA: that she engaged in statutorily protected expression, that she suffered an adverse job action, and that there was a causal link between the protected expression and the adverse job action. *Fine v. Ryan Int'l Airlines,* 305 F.3d 746, 751–52 (7th Cir.2002). While she focuses on various elements of the burden-shifting framework established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) – arguing, for example, that she set forth a prima facie case of discrimination and that the reasons Coca-Cola proffered for firing her are lies – that

analysis is unnecessary because the *McDonnell Douglas* burden-shifting analysis drops out of the picture once a trial is held and the "factual inquiry proceeds to a new level of specificity." *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 714–15, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *see also Dadian v. Village of Wilmette,* 269 F.3d 831, 837 (7th Cir.2001). Thus, the only issue that must be resolved after a trial is whether sufficient evidence existed to support the district court's finding whether the defendant intentionally retaliated against the plaintiff. *Cullom v. Brown,* 209 F.3d 1035, 1040 n. 3 (7th Cir.2000); *Mathur v. Board of Trustees of Southern Ill. Univ.,* 207 F.3d 938, 942 (7th Cir.2000).

■ Walters's argument essentially boils down to a disagreement with the facts found by the district court. For example, in challenging the district court's finding that there was no causal link between her June 1998 EEOC complaint and her September 1999 termination, she points to two comments made by White that she alleges shows discriminatory intent. First, in August, 1999, White told her to stop complaining about discrimination and "move forward." Second, at the time she was fired in September 1999, White told her that one of the reasons for her termination was her inability to "move forward." Walters alleges that White's use of "move forward" shows that he fired her because she complained about discrimination. But the district court specifically addressed these comments in its decision, noting that White repeatedly used the phrase "move forward" in a natural manner during his trial testimony and that his use of that phrase in the two instances cited by Walters did not evidence discrimination. We cannot say on the cold record that the district court clearly erred in so finding. *See Anderson v. Bessemer City,*

470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Elda Arnhold and Byzantio, L.L.C. v. Ocean Atlantic Woodland Corp.,* 284 F.3d 693, 699 (7th Cir. 2002). Walters's remaining arguments, and our review of the record, fail to convince us that the district court clearly erred in finding that White did not have discriminatory intent when he fired Walters. *See Anderson,* 470 U.S. at 566 and 573 (citing *Pullman–Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982)).

Walters also challenges the district court's finding that she was not subjected to a hostile work environment in violation of Title VII. But her argument amounts to little more than setting forth facts that support her allegation of a hostile environment and disagreeing with the facts found by the district court. She does not point to any evidence to convince us that the district court wrongly found that a hostile working environment did not lead to her termination and was not "severe enough to alter the terms and conditions of her employment." *See Meritor Savings Bank, F.S.B. v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). For example, she argues that male Coca–Cola employees used sexually explicit language at the office, but she does not point to any evidence that convinces us that the district court wrongly found that the use of such language did not create an abusive working environment. *See id.* We therefore cannot conclude that the district court clearly erred in determining that she was not subjected to a hostile work environment. *See Anderson,* 470 U.S at 573–74; *Ocean Atlantic,* 284 F.3d at 699.

Walters also raises a host of issues that can be dealt with in short order. First, a number of arguments fall short of the requirements of Fed.R.Civ.P. 28(a)(9)(A) in that they are not supported by relevant citations to the record, cases, or statutes. These include Walters's arguments that the district court erroneously 1) denied her motions to amend the docket sheet; 2) conducted a "trial by ambush" by excusing the parties from filing in the Pretrial Order proposed findings of fact and conclusions of law; 3) denied her a "meaningful opportunity to recall witnesses;" 4) granted summary judgment to Coca–Cola on several of her claims; and 5) denied her "request to add evidence to the record that she did not bring to the Court's attention during trial." Even though Walters is proceeding pro se, her failure to adequately develop the basis for these claims renders them waived. *Muhich v. C.I.R.,* 238 F.3d 860, 864 n. 10 (7th Cir.2001); *see also Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001) (even pro se briefs must contain citations to authority).

Second, Walters challenges a number of this court's prior rulings, including our denial of her motion to amend the civil docket, her motion for a ruling on "plaintiff's objections to defendant's trial exhibits," and her motion for a "ruling on Rule 54(b) and 59(a)(b)(c) [sic] motion for relief." She presents no reason for us to conclude that the denial of these motions was erroneous, however, and we decline to reconsider our previous dispositions.

Third, Walters argues that the district court made a number of errors during trial, including "ignoring the rules of admissible evidence" and ordering that there would be "no distinction between Plaintiff's case-in-chief and defendant's case-in-chief regarding the witnesses." But we review only for an abuse of discretion both a district court's decision to admit evidence, *United States v. Bogan,* 267 F.3d 614, 620 (7th Cir.2001), and the order and manner in which witnesses are interrogated, Fed. R.Evid. 611(a); *United States v. Puckett,* 147 F.3d 765, 770 (8th Cir.1998), and Wal-

ters has failed to demonstrate that no reasonable person could agree with the court's decisions here. *Snipes v. Illinois Dept. of Corr.,* 291 F.3d 460, 463 (7th Cir.2002).

Finally, on August 29, 2002, Walters filed a motion in this court entitled "Plaintiff–Appellant's Non–Routine Motion for Reconsideration Of *Sua Sponte* Order of June 4, 2002, Denying Right To Oral Argument." We have considered her motion, but decline to reconsider our decision to forego oral argument in this matter because we would not be significantly aided in the decisional process by holding oral argument in this case. *See* Fed.R.Civ.P. 34(a)(2)(C).

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court, and DENY Walters's 8/30/02 Motion to Reconsider.