**Lidija SILJAK, Plaintiff–Appellant,**

v.

**RAVENSWOOD DISPOSAL SERVICE, INC., and Tony Vardijan, Defendants–Appellees.**

**No. 02–1026.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2002.*
Decided Nov. 25, 2002.
Rehearing Denied Jan. 7, 2003.

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Lidija Siljak, a former employee of Ravenswood Disposal Service, Inc., filed suit against Ravenswood and Tony Vardijan,[1] one of its owners, alleging that she had been sexually harassed on the job. After a

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

1. This appellee's name is variously spelled "Vardigan," "Vardijan," and "Vardian" by the parties. Since the appellee's brief spells his name "Vardijan," we shall as well.

jury trial the district court entered judgment in favor of the defendants, and Siljak appeals. We affirm.

Siljak was employed by Ravenswood from 1992 through approximately October 1999, first as a sales representative and later as the office manager. Siljak suffered numerous personal tragedies during that time, including the death of her mother, sister, brother, and boyfriend. During the course of her employment, Siljak's behavior became erratic– among other things, she started having confrontations with other employees and quit her job on numerous occasions when she was angry. Siljak attributed this change in her behavior to sexual harassment and abuse she was suffering at the hands of Tony Vardijan and his brother (and co-owner of Ravenswood) Branko Vardijan. After her employment ended, Siljak sued Ravenswood and Tony Vardijan, asserting that she had been harassed and discriminated against on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, had been retaliated against for complaining about being harassed, had been assaulted, battered, and falsely imprisoned by Tony Vardijan, and had been subjected to intentional infliction of emotional distress. The matter went to trial before a jury, which found in favor of Ravenswood and Vardijan on all of Siljak's claims.

Siljak argues only that the district court made numerous evidentiary errors that so prejudiced the proceedings that she should be awarded a new trial. Siljak's burden is a heavy one, because we review a district court's evidentiary decisions for an abuse of discretion. *Snipes v. Illinois Dept. of Corrections*, 291 F.3d 460, 463 (7th Cir. 2002); *Speedy v. Rexnord Corp.*, 243 F.3d 397, 404 (7th Cir.2001). We thus accord great deference to a district court's decisions to admit or deny evidence and will only reverse them if we are convinced that no reasonable person could agree with its rulings. *Snipes*, 291 F.3d at 463; *Speedy*, 243 F.3d at 404. After reviewing Siljak's claims, we cannot find that the district court committed any error in its evidentiary decisions.

■ Siljak first asserts that the district court erred by allowing the defendants to present evidence of her job performance at Ravenswood. She asserts that the evidence, which showed that she was a "mean boss" and frequently lost her temper at work, was presented only to improperly "assassinate her character" in violation of Fed.R.Evid. 404. But as the district court correctly determined, the evidence was relevant to the defendants' theory that Siljak's "departure from [Ravenswood] was caused by a series of events that were unrelated to" the alleged sexual assaults and harassment. The district court did not abuse its discretion in allowing this testimony.

■ Siljak next asserts that the court improperly overruled her objections to the testimony of various witnesses who stated that they had never seen pornography, strippers, prostitutes, or alcohol use at Ravenswood and had not heard excessive swearing or cursing in the workplace. She asserts that this evidence was outside the scope of the evidence during her case-in-chief and was irrelevant. But the defendants offered this testimony to attack her credibility as a witness by showing that allegations she made in her complaint– including that she was subjected to foul, unacceptable language and pornographic magazines and calendars– were false, a valid reason for its admission. *See* Fed. R.Evid. 608(a) (witness's credibility may be attacked by character evidence relating to her truthfulness). Again, the district court did not abuse its discretion.

■ Siljak next argues that the court erred by allowing Joel Brodsky, her one-time attorney, to testify at trial. Brodsky testified that Siljak told him that she would fabricate charges of sexual harassment against the defendants if she did not get money from them. Siljak asserts that her communications with Brodsky are protected by the attorney-client privilege. We review the district court's decision that the attorney-client privilege did not apply here for clear error, *see Rehling v. City of Chicago,* 207 F.3d 1009, 1019 (7th Cir. 2000), and we find no error in its decision. Although Brodsky represented Siljak in two proceedings involving a parcel of real estate, he had represented Ravenswood in a general capacity for almost twenty years. The attorney-client privilege only applies to confidential communications made when legal advice is sought from an attorney acting in his capacity as a professional legal advisor. *Id.* at 1019. We agree with the district court's determination that Siljak was not seeking advice from Brodsky in his capacity as her legal advisor. At the time she spoke with him she did not seek his representation with respect to any claims she may have had against Ravenswood, and in any event Brodsky could not have represented her against Ravenswood because he was its attorney. Thus, the privilege did not apply. *Id.* We also agree that the privilege did not apply because Siljak's statements to Brodsky were intended to be passed along to Ravenswood and thus were not confidential. *See Denius v. Dunlap,* 209 F.3d 944, 952 (7th Cir. 2000). Thus, the court did not clearly err in concluding that Brodsky's testimony was admissible.

■ Siljak next argues that the district court erroneously excluded the testimony of two witnesses, Mirijana Novakovic and Rada Becanac, regarding an alleged sexual attack on her by Tony Vardijan. Novako-vic and Becanac both would have testified that Siljak told them about the attack shortly after it allegedly occurred. She first asserts that she was not presenting their testimony to show the truth of what she said but rather to prove that she had told others that she had been attacked. But the court did allow Becanac to testify that she talked to Siljak on the phone shortly after the purported attack, and testimony about the content of the later conversations would have been cumulative. *See* Fed.R.Evid. 403. Siljak also argues that the statements she made are not hearsay because they fall within the excited utterance exception of Fed.R.Evid. 803(2). But the court concluded that when Siljak made the statements, over an hour after the alleged attack, she was no longer under the "trauma of the event," thus precluding application of the excited utterance exception. *See* Fed.R.Evid. 803(2); *United States v. Sowa,* 34 F.3d 447, 452–53 (7th Cir.1994). Siljak has not presented us with any reason to find that the district court abused its discretion in excluding the testimony.

Siljak next argues that the court erroneously limited the testimony of one of her expert witnesses, Dr. John Conlin. The court refused to allow Conlin to testify that Siljak suffered from post-traumatic stress disorder as a result of being sexually assaulted and harassed by the Vardijans, concluding that Conlin had not used any "established recognized methodology" as required by *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). We review *de novo* the district court's application of Kumho Tire *and* Daubert. *Chapman v. Maytag Corp.,* 297 F.3d 682, 686 (7th Cir.2002). If the court properly applied the *Kumho Tire* and *Daubert* standards, we will disturb its evidentiary de-

terminations only if they are "manifestly erroneous." *Id.* Although Siljak relies on several cases in which expert testimony was allowed to show that an individual's post-traumatic stress disorder was caused by sexual harassment, we find that the district court correctly applied the framework of *Kumho Tire* and *Daubert* here and that it did not commit any manifest error in concluding that Conlin's testimony was inadmissible.

Siljak's remaining arguments require little discussion. First, she asserts that the district court erroneously excluded evidence that Branko Vardijan referred to her as a "bitch" both to an EEOC investigator and during his deposition. But the alleged name-calling occurred well after her employment at Ravenswood ended and was not relevant to proving that she was sexually harassed on the job. *See, e.g., Stinnett v. Iron Works Gym/Executive Health Spa, Inc.,* 301 F.3d 610, 614 (7th Cir.2002). She also argues that the defendants engaged in fraudulent behavior during trial by secreting a potential witness, Robert Garza, at a farm in Wisconsin to prevent him from testifying. Siljak does not cite any record evidence or authority to support her argument. Consequently, she has waived this argument. *See Muhich v. C.I.R.,* 238 F.3d 860, 864 n. 10 (7th Cir.2001); *Bonds v. Coca–Cola Co.,* 806 F.2d 1324, 1328 (7th Cir.1986).

AFFIRMED.