Gladys SHELVY, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General of the United States Postal Service, Defendant–Appellee.

No. 02–3205.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided April 28, 2003.

Rehearing and Rehearing En Banc Denied June 17, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Gladys Shelvy, a former postal employee, appeals the district court's grant of summary judgment for the United States Postal Service in her employment-discrimination lawsuit. We affirm.

In 1996 Shelvy worked as a window clerk at the Fort Dearborn branch of the Postal Service in Chicago. In March Shelvy was investigated after an audit revealed a shortage of $1400 in stamp sales at her window. The following week Shelvy was threatened at her window by a customer. She left work that day and did not return to full-duty work until May 8. In the interim she sought psychiatric counseling and filed a workers' compensation claim. When she returned, she asked to be removed from her position at the customer window and she was assigned to work as a distribution clerk. She refused this assignment, and her supervisor sent her home. She returned to work on May 15, but with a note from her chiropractor diagnosing her with lumbar strain and limiting her to "light work." The next day her supervisor sent her home because no light work was available. Shelvy returned the following day and requested the distribution assignment. Her supervisor denied her this assignment, which required lifting, because it was inconsistent with light work. Shelvy was sent home again. In June she was transferred to another post-office branch in Chicago. After this transfer, her physician cleared her to perform regular work.

In March 1997, while working at the second branch, Shelvy filed a formal EEO complaint with the Postal Service for not investigating the incident with the customer at the Fort Dearborn branch. She alleged discrimination based on race, color, religion, national origin, sex, age, retaliation, and handicap. (During a deposition for this case, she explained that she "just checked everything.") Then, in September, Shelvy was removed from her job, pending disciplinary proceedings, after she allegedly threatened her supervisor. She asserted that her supervisor threatened her. In October, the Postal Service sent Shelvy a notice of removal; Shelvy filed a grievance with her union. While the grievance was pending, Shelvy was placed on "leave without pay" status. As a result of the grievance proceedings, Shelvy's removal was reduced to a suspension and she was scheduled to return to work in January 1998 at a third branch office in Chicago.

Shelvy, however, never reported for work at that office. Instead, in February 1998 she resigned from her job and filed a second EEO complaint, alleging that the Postal Service had retaliated against her for filing a previous EEO complaint. She later filed this lawsuit and claimed she was retaliated against in violation of Title VII. *See* 42 U.S.C. § 2000e–3(a). Shelvy alleged that the Postal Service retaliated against her by (1) transferring her from Fort Dearborn to the second branch (even

though this occurred before she filed the first complaint); (2) placing her on "leave without pay" status following the incident with her supervisor at the second branch; (3) sending her a removal letter; (4) suspending her; (5) transferring her to a third branch; (6) keeping notice of her suspension in her file; (7) not awarding her back pay; and (8) "constructively discharging" her. The Postal Service moved for summary judgment on a variety of grounds, including that Shelvy could not establish a prima facie case of discrimination. In granting this motion, the district court concluded that Shelvy did not establish a prima facie case of discrimination because she lacked evidence that any similarly situated employees were treated more favorably.[1]

Shelvy lacked evidence to prove her retaliation claim under the "direct" method, and therefore she proceeded under the "indirect" burden-shifting method. *See Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir.2002). Under this method, adapted from the familiar analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Shelvy first needed to establish a prima facie case by showing that she (1) engaged in statutorily protected activity; (2) satisfied her employer's legitimate work expectations; (3) suffered an adverse employment action; and, most relevant here, (4) was treated less favorably than other similarly situated employees who did not engage in protected activity. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531–32 (7th Cir.2003). Employees are similarly situated if they are alike "in all material respects," *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680

(7th Cir.2002), for example, alike in performance, qualifications, and conduct, *Snipes v. Ill. Dep't of Corr.*, 291 F.3d 460, 463 (7th Cir.2002). We review the district court's grant of summary judgment de novo, viewing the record in the light most favorable to Shelvy. Fed.R.Civ.P. 56(c); *Patton v. Indianapolis Pub. Sch. Bd.*, 276 F.3d 334, 337 (7th Cir.2002).

In her response to the summary-judgment motion, Shelvy asserted that another window clerk who reported to Shelvy's supervisor at the Fort Dearborn branch, Carolyn Trull, suffered "on the job injuries," did not file an EEO complaint, and was assigned to administrative duties and not subject to discrimination. Shelvy, however, failed to provide any evidence to support this assertion. (Her summary-judgment response contained an affidavit from Trull, but it only described an incident between Shelvy and her supervisor in 1995, prior and unrelated to events giving rise to Shelvy's lawsuit.) On appeal Shelvy largely ignores this issue, except to repeat the assertion in her summary-judgment response, again without pointing to any evidence to support it. When plaintiffs, like Shelvy, fail to "produce competent evidence that they were treated differently than similarly situated employees, we must affirm the granting of summary judgment on that basis." *Rogers v. City of Chicago*, 320 F.3d 748, 755–56 (7th Cir. 2003). Finally, we note that even if Shelvy had been able to support her assertion with evidence, she still would not have satisfied this element because it would not have shown that she and Trull were similarly situated in all material respects. There was no indication, for example, that

---

1. The district court also construed Shelvy's complaint as raising a race-discrimination claim. The court likewise granted summary judgment for the Postal Service on this claim for lack of evidence that similarly situated employees were treated more favorably. Shelvy, however, explains on appeal that she was not, and is not, pursuing a race-discrimination claim.

Trull had refused an assignment, was limited to light work, or had a similar confrontation with a supervisor.

AFFIRMED.

