# United States Court of Appeals
## For the First Circuit

---

No. 07-1026

JAMES G. MALLOY, ET AL.,

Plaintiffs, Appellants,

v.

WM SPECIALTY MORTGAGE LLC, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Laird J. Heal on brief for appellants.
Andrew C. Glass, R. Bruce Allensworth, Phoebe S. Winder, Gregory N. Blase and Kirkpatrick & Lockhart Preston Gates Ellis LLP, on brief for appellees Ameriquest Mortgage Company and WM Specialty Mortgage LLC.
Mark R. Freitas, George C. Rockas and Wilson, Elser, Moskowitz, Edelman & Dicker LLP, on brief for appellee Daniel J. Nigro, Esq.

---

January 7, 2008

---

**Per Curiam**.  This is an appeal from the district court's dismissal of a civil case, with prejudice, based on plaintiffs' failure to respond to defendants' discovery requests.  In addition to the propriety of that sanction, the appeal also presents a threshold issue of appellate jurisdiction.

The sequence of events relevant to the jurisdictional issue was as follows:  After plaintiffs failed to respond to defendants' discovery requests, even after being ordered to do so in response to defendants' motion to compel, defendants moved for relief under Rule 37(b) of the Federal Rules of Civil Procedure, including dismissal with prejudice.  On November 29, 2006, the district court granted the above motion, stating as follows:

> The plaintiffs have filed no response to this motion.  The moving parties, on the other hand, have outlined, in their memorandum in support of the motion, a pattern of noncompliance by the plaintiffs with their obligations under the discovery rules of this court.  Accordingly, the court grants the present motion to the extent that it seeks dismissal of this action.  This order is an interlocutory one; it will become final on December 8, 2006, unless, on or before that date, the plaintiffs show cause why this case should not be dismissed.  If no response to this order is filed by the plaintiffs by December 7, 2006, the order will become a final order of the court without further action by the court.  The clerk shall then enter judgment for the defendants dismissing this action.  If the plaintiffs respond to this order on or before December 8, 2006, this order shall be stayed pending further order of the court.

The next day, November 30, 2006, the clerk entered judgment in defendants' favor. A week later, on December 7, 2006, plaintiffs moved to vacate the November 30th judgment, arguing that entry of judgment was premature under the terms of the November 29th order, that the delay was excusable, that plaintiffs themselves were not to blame, that defendants were not prejudiced by the delay, and that dismissal with prejudice was too harsh a sanction. On December 28, 2006, before the district court had ruled on plaintiffs' motion to vacate, plaintiffs filed a notice of appeal from the November 30th judgment "to the extent that the entry of judgment is a final decree for purposes of appeal." Finally, on March 5, 2007, the district court denied plaintiffs' motion to vacate without comment.

Viewing that sequence of events in a practical way, it appears that the November 29th order was intended to be interlocutory, that the November 30th judgment of dismissal was therefore entered prematurely, and that plaintiffs' notice of appeal from that judgment was also premature because, at the time of the notice of appeal, a timely motion to vacate the November 30th judgment was pending. However, once the district court denied the motion to vacate the November 30th judgment (implicitly treating the motion as a response to its November 29th order to show cause why the case should not be dismissed and finding it unpersuasive), the November 30th judgment of dismissal became final

-3-

and appealable. Although the notice of appeal from that judgment was premature when filed, that notice became effective to appeal the November 30th judgment when the court denied the motion to vacate, which was, in essence, a timely[1] motion to alter or amend the judgment. See Fed. R. App. P. 4(a)(4)(B)(i). Accordingly, we have jurisdiction over this appeal and so turn to the propriety of the sanction imposed by the district court.

"A district court may dismiss an action for noncompliance with a discovery order." Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006) (citing Fed. R. Civ. P. 37(b)(2)(C)). "When a district court invokes this power, our review is for abuse of discretion." Id. (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam)). Where, as here, the dismissal is with prejudice, we consider a variety of substantive and procedural factors to determine whether that ultimate sanction was within the district court's discretion. Id. at 5. "'Among [the substantive factors] commonly mentioned (this list is not complete) are the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" Id. (quoting Robson v.

_____

[1]The motion was filed on December 7, 2006, within 10 days of the November 30th judgment. See Fed. R. Civ. P. 59(e).

-4-

Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996)).  As to procedure, we consider whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty.  Id. at 7.

Here, the violation was relatively severe.  By the time the dismissal became final on March 5, 2007, plaintiffs' discovery responses were more than seven months overdue under the applicable rules and more than five months overdue under the court's order granting defendant Ameriquest's motion to compel.  Compare Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) (finding a party's disregard of a court order to be "a paradigmatic example of extreme misconduct"), with Benitez-Garcia, 468 F.3d at 6-7 (finding that missing discovery deadlines by four months or less, absent a motion to compel or court order, was insufficiently egregious to warrant dismissal with prejudice).  Nor was there any indication that, absent dismissal, the responses would have been promptly provided.  The violation was also part of a broader pattern of delay.  Plaintiffs did not provide their initial disclosures within the time agreed to by the parties and eventually did so, three weeks late, only after being reminded by one of the parties that the disclosures were overdue.  They also failed to respond to another defendant's discovery requests until ordered to do so.  And a third defendant's motion to compel overdue responses was pending at the time the case was dismissed.

Perhaps most significant, plaintiffs proffered no legitimate excuse for the delay. Rather, plaintiffs' counsel attributed the delay to his inexperience practicing law, the incompetence of his support staff, and his own deliberate decision to direct his attention to cases of paying clients instead of this pro bono matter. Such excuses are legally insufficient. Young v. Gordon, 330 F.3d 76, 82 (1st Cir. 2003); In re Power Recovery Sys., Inc., 950 F.2d 798, 801 n.8 (1st Cir. 1991).

Plaintiffs' passing comment that they themselves were blameless for the delay and therefore should not be punished by dismissal of their claims is unavailing. Even if we were to consider this perfunctory argument, but see United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (deeming such arguments waived), it would fail. This circuit has "consistently 'turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client.'"[2] KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 16 (1st Cir. 2003) (quoting Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 21 (1st Cir. 1987)).

Although the prejudice to defendants appears relatively slight, that factor, standing alone, is not dispositive. Even without prejudice to the defendants, dismissal may still be

---

[2]This is not to say that sanctions against counsel himself would have been inappropriate here. See Fed. R. App. P. 37(b)(2) (authorizing sanctions against counsel). That question is not before us.

warranted to further "the judiciary's strong institutional interest in ensuring that litigants honor court orders." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002). Moreover, any lack of prejudice here is outweighed by the other factors already discussed.

As to the adequacy of lesser sanctions, our review is highly deferential to the district court's on-the-scene judgment. Young, 330 F.3d at 81. Although the district court did not expressly consider lesser alternatives, none was suggested by the plaintiffs. And the court's implicit reasons for choosing dismissal with prejudice can be inferred from defendants' arguments in opposition to plaintiffs' motion to vacate, which the district court implicitly adopted. Cf. United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc) (making such inferences in the criminal sentencing context), cert. denied, 127 S. Ct. 928 (2007). Those arguments--that a lesser sanction would have been ineffective--are well-founded. Even after the court warned plaintiffs that dismissal was imminent, no discovery responses were provided in the three months that passed before the motion to vacate was denied and the dismissal became final. Indeed, rather than turn his full attention to providing such responses, plaintiffs' counsel took on a new criminal case pro bono. Although plaintiffs' counsel asked the court to permit plaintiffs to obtain substitute counsel, there is no evidence of any attempt to do so.

Under these circumstances, we see no abuse of discretion in the district court's choice of sanction.

As to procedural considerations, plaintiffs had ample notice of the prospect of dismissal and opportunity to offer excuses for their delay or to advocate for lesser sanctions. Defendants' motion for sanctions expressly sought dismissal with prejudice, yet plaintiffs filed no opposition to the motion in general or to that sanction in particular. The district court noted the lack of opposition to the motion but gave plaintiffs a further opportunity to show cause why the case should not be dismissed. Although a judgment of dismissal was mistakenly entered before the time for responding to the show cause order had expired, plaintiffs did advance their excuses for delay and arguments against dismissal in a motion to vacate that judgment, which the court had under advisement for several months before denying it. This case is therefore readily distinguishable from those where the sanctioned party had no notice of the potential dismissal or opportunity to oppose it. Cf. Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 45 (1st Cir. 2007) (court dismissed the case without warning that it was considering that sanction); Benitez-Garcia, 468 F.3d at 3-4, 6-7 (court dismissed the case before plaintiff had an opportunity to respond to defendants' motion to dismiss and denied plaintiffs' motion for reconsideration on

technical grounds the day after it was filed without giving them an opportunity to file a conforming motion).

Finding no substantive or procedural abuse of discretion, we affirm the district court's judgment.  <u>See</u> 1st Cir. R. 27.0(c).