**Scott HINKLE, Plaintiff**

v.

**Robert GENTRY, et al., Defendants.**

**C.A. No. 06–10179–MAP.**

United States District Court,
D. Massachusetts.

Jan. 9, 2008.

Scott Hinkle, Saratoga Springs, NY, Pro se.

John P. McLafferty, Day Pitney LLP, Boston, MA, Jeffrey A. Fritz, Day Pitney LLP, Victoria Woodin Chavey, Day, Berry & Howard LLP, Hartford, CT, for Defendants.

**MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION FOR ORDER AND/OR SANCTIONS**

PONSOR, District Judge.

Following a lengthy history of failure on the part of Plaintiff to comply with basic discovery obligations, Defendants have moved for "an appropriate order and/or sanctions." (Dkt. No. 38 at 1). Plaintiff, of course, is entitled to some special consideration as a *pro se* litigant. However, the generosity afforded this status has reasonable limitations, and Plaintiff has clear-

ly exceeded them. The court will therefore order this case dismissed.

The complaint was originally filed in the Northern District of New York on August 15, 2005. Service of process was not made, and on January 26, 2006 the Northern District of New York transferred the case to the District of Massachusetts, Eastern Division. Again, Plaintiff failed to make service on Defendants. On December 15, 2006, Judge George O'Toole issued an order requiring Plaintiff to serve Defendants within twenty days, upon pain of dismissal. Plaintiff thereafter improperly served Defendants via Federal Express. Judge O'Toole denied Defendants' Motion to Dismiss on February 1, 2007, directing Plaintiff to make valid service within forty-two days. On March 8, 2007, Plaintiff finally made proper service on Defendants, more than eighteen months after filing the original complaint.

On April 20, 2007, this case was transferred from the Eastern to the Western Division of this district. On June 7, 2007, the parties appeared before Chief Magistrate Judge Kenneth P. Neiman, who issued a scheduling order requiring the parties, among other things, to provide automatic disclosures no later than June 15, 2007. In the parties' joint statement prior to the scheduling conference, Plaintiff also agreed to proffer a settlement proposal to Defendants by June 1, 2007. Despite repeated promises, to this day, no automatic disclosures and no settlement proposal have ever been conveyed to Defendants.

On July 16, 2007, Defendants noticed the deposition of Plaintiff, to take place on September 12, 2007. On July 17, 2007, Defendants served Plaintiff with a set of interrogatories. Based on Plaintiff's failure to provide automatic discovery, a settlement proposal, and answers to the interrogatories, Defendants in September 2007 were forced to re-notice the deposition for October 1 and contact Plaintiff regarding his intentions. Despite a number of phone calls, Defendants waited with the stenographer in vain for Plaintiff to appear for his deposition on October 1.

Two weeks later, on October 16, 2007, Defendants' counsel and Plaintiff spoke, and Plaintiff again promised to provide the long-missing discovery by October 23 and appear for his deposition on October 29, 2007. Nevertheless, no discovery was supplied, and Defendants were compelled to go forward with the deposition, which Plaintiff this time did appear for, without any documents.

The Magistrate Judge's June 7, 2007 scheduling order set November 7, 2007 as the date for a case management conference. On this day, Defendants' counsel appeared, but Plaintiff failed to attend as ordered. As a result, the Magistrate Judge issued an order requiring Plaintiff to file a status report by November 26, 2007, warning him that failure to file the report might result in dismissal for failure to prosecute.

Plaintiff received an extension to November 27, 2007 to file the report, but again was tardy, filing the report on November 29 and promising to provide all discovery by November 30, 2007. No such discovery has ever been provided, nor has Plaintiff requested any extension from the court, or even contacted Defendants with an explanation for the continued delay.

On December 5, 2007, Defendants' counsel contacted Plaintiff to fulfill his consultation obligation prior to filing the motion currently before the court. Plaintiff again promised to provide all outstanding discovery materials. He failed to do this, providing only a partial response to the interrogatories, no automatic discovery, and no settlement demand. This motion for sanc-

tions followed on December 6. No response of any kind has been filed to the motion by Plaintiff.

To determine an appropriate sanction for discovery abuse the First Circuit has directed trial courts to assess a number of factors, including: the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the level of deliberateness of the violations, mitigating excuses, prejudice to the opposing party, and adequacy of lesser sanctions. *Malloy v. WM Specialty Mortgage,* 512 F.3d 23, ——, 2008 WL 62455, at *2 (1st Cir.2008) (citations omitted).

In this case, virtually all of these considerations heavily favor dismissal. The discovery abuse has been severe, virtually paralyzing the progress of the case. No legitimate excuses have been offered, the dereliction has been repeated, and the prejudice to the opposing parties has been substantial. Moreover, the several futile enlargements given Plaintiff, and the numerous unfulfilled promises to comply with basic discovery obligations, make it clear that no sanction other than dismissal is now appropriate.

For the foregoing reasons, Defendants' Motion for Order and/or Sanctions (Dkt. No. 38) is hereby ALLOWED and this case is ordered DISMISSED. The clerk will enter a judgment of dismissal for Defendants. This case may now be closed.

It is So Ordered.