**Perry CAMACHO, Plaintiff,**

v.

**HAMPTON INN & SUITES SAN JUAN and Hilton Hotels Corporation, Defendants.**

**Civil No. 07–1156 (FAB).**

United States District Court,
D. Puerto Rico.

June 16, 2008.

Marcelle D. Martell, Marcelle D. Martell Jovet Law Office, San Juan, PR, for Plaintiff.

Francisco E. Colon–Ramirez, Colon & Colon PSC, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On August 28, 2007, the Court held an Initial Scheduling Conference at which the Court set various due dates for discovery. (Docket No. 12) The plaintiff then requested a 10–day extension of time, until September 24, 2007, to furnish defense counsel with the results of the MRI conducted on Plaintiff by his expert, Dr. Schaeffer, because (unknown to counsel) plaintiff had not undergone the testing by Dr. Schaeffer until the day before counsel filed her motion for extension of time. (Docket No. 14) On October 1, 2007, the Court found plaintiff's motion moot. (Docket No. 15)

Almost six (6) months later, on March 26, 2008, defendant filed a motion to dismiss alleging that plaintiff had failed to comply with his discovery obligations. (Docket No. 18) Defendants complained that plaintiff's answers to interrogatories were incomplete, that certain documents concerning plaintiff's loss of income claim had not been produced, either, and that plaintiff's expert report had not been produced. Defendants then requested that records pertaining to plaintiff's loss of income claim be produced on the date of his deposition.

At plaintiff's deposition conducted on February 25, 2008 (only two weeks before the discovery cut-off date set by the Court), plaintiff only produced his tax returns for the years 2002 and 2003. These tax returns appear to be useless in this case; the accident which gave rise to this suit occurred in 2006. *Id.*

The day after defendants filed their motion to dismiss, plaintiff's counsel filed a motion seeking leave to withdraw from the case because "certain situations have arisen which make [her] continued representation of plaintiff untenable" and because "the plaintiff has requested that [she] withdraw from his representation in this case." (Docket No. 19) In

that same motion, plaintiff's counsel requested that the Court allow the plaintiff until May 11, 2008 (an additional thirty days), to oppose defendants' motion to dismiss to allow "new counsel" to become familiar with the case. The Court denied counsel's motion to withdraw as plaintiff's attorney until he announced new counsel, but granted plaintiff until May 12, 2008 to oppose defendants' motion to dismiss (Docket No. 20).

Plaintiff, appearing through counsel who has represented him, filed his opposition to defendants' motion to dismiss on May 11, 2008. (Docket No. 21) In his perfunctory motion, plaintiff opposes defendants' motion to dismiss because he has responded to discovery with the documents he has in his possession and because defendants obtained much information during plaintiff's "lengthy" deposition. Rather than dismissing the case, the plaintiff proposed that he be given a final term to produce documents in his possession and to advise which of the documents requested are not under his control.

Along with plaintiff's opposition to defendants' motion to dismiss, plaintiff's counsel filed a second motion for leave to withdraw as counsel for the plaintiff, alleging a complete lack of communication with her client. (Docket No. 22) Counsel provided her motion to plaintiff directly by, among others, certified mail. (Docket No. 22, Exhibit 1) The motion was received by plaintiff at least by certified mail. (Docket No. 21, Exhibit 1)

The Court once again denied counsel's motion to withdraw (Docket No. 24), and ordered the denial of defendants' motion to dismiss without prejudice. (Docket No. 23) The Court ordered, however, that the plaintiff "(1) shall fully answer the interrogatory served on him by defendants; (2) shall provide to defendants all documents in the request for production of documents served on him; (3) shall provide the defendant his expert report; and (4) shall provide to defendants all documents which had been requested during plaintiff's deposition but not yet produced." The Court warned plaintiff that "failure to provide defendants with these things by June 13, 2008 would result in severe sanctions, to include the dismissal of his suit."

The order was mailed to plaintiff by the Clerk via certified mail, and was picked up by plaintiff. (Docket No. 25)

On June 13, 2008, plaintiff's counsel filed an Informative Motion indicating that she had not received the discovery that the Court had ordered produced to the defendant, so plaintiff could not comply with the Court's order. (Docket No. 30) There has been no effort by plaintiff to obtain "new counsel."

In this case, the Court has bent over backward to allow plaintiff to pursue his claim and have his proverbial "day in court." The excuses given by plaintiff and his counsel for the failure to comply with the Court's discovery order are not only not legitimate, they are lame and even appear deliberate. They certainly prejudice not only the defendant, but also the operations of the Court. Furthermore, the Court has given plaintiff sufficient notice and opportunity to explain his failure to comply with the Court's orders, and even to argue for a lesser sentence, but his attempts have fallen short of the mark. *See, Malloy v. WM Specialty Mortgage, LLC*, 512 F.3d 23, 26 (1st Cir.2008) (*quoting Benitez–Garcia v. Gonzalez–Vega*, 468 F.3d 1, 4–7 (1st Cir.2006)).

Therefore, this Court will exercise its discretionary power and dismisses this case, with prejudice.

**IT IS SO ORDERED.**