DELOMA L. VARNUM, Appellant, *v.* EVELYN M. GRADY, Respondent.

No. 7886

November 26, 1974          528 P.2d 1027

[Rehearing denied December 20, 1974]

*Vargas, Bartlett & Dixon* and *J. Rayner Kjeldsen,* of Reno, for Appellant.

*Peter Chase Neumann,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent has moved us to dismiss this appeal, and to impose sanctions in the form of damages, costs and attorney fees, on grounds of multiple procedural derelictions and dilatory pursuit of the appeal.

Respondent sued appellant for damages arising from injuries received in an automobile accident in November, 1972. When the case was called for trial on May 20, 1974, appellant admitted liability, and the only issue submitted to the jury was the amount of damages respondent should receive. On May 24, the jury returned a $51,738 verdict in favor of respondent. On July 8, the trial court denied appellant's motion for new trial. On August 6, appellant's counsel filed a notice of appeal, but thereafter did nothing whatever in furtherance thereof.

It is uncontested that appellant omitted to comply with the Nevada Rules of Appellate Procedure in numerous material respects, including the following:

(1) failure to timely file and serve on respondent a designation of the portions of the record, proceedings and evidence

to be contained in the record on appeal as required by NRAP 10(a);

(2) failure to timely order from the court reporter a transcript of the proceedings as required by NRAP 10(b)(2);

(3) failure to transmit the record on appeal to this court within the time allotted by NRAP 11(a);

(4) failure to timely request an extension of time therefor under NRAP 11(d); and

(5) failure to pay the filing fee for the appeal to the clerk of this court within the time allowed for the transmission of the record on appeal, as required by NRAP 12(a).[1]

Following respondent's motion to dismiss appeal, appellant's counsel belatedly attempted to fulfill some of the requirements for going forward with the appeal, but to date they have lodged no part of the record in this court. Accordingly, briefing and disposition of the appeal's merits, if any, cannot proceed.

In an affidavit filed September 30, in opposition to respondent's motion, one of appellant's counsel suggests that because he was involved in a subsequent trial and was working on other briefs, counsel should be excused for not complying with the rules. The identical excuse was considered and rejected in Tucker Products Corp. v. Helms, 171 F.2d 126 (9th Cir. 1948), with the court saying: "We do not regard such preoccupation in other litigation as a reasonable ground for neglect of the duties of officers of this court." See also, Maryland Casualty Company v. Conner, 382 F.2d 13, 17 (10th Cir. 1967), where the court said: "The fact that appellant's counsel is professionally engaged in other matters does not show excusable neglect . . ."[2]

---

[1] In addition, we note judgment was entered *May 24, 1974,* and the notice of appeal purports to be "from the final judgment . . . entered in said action on *August 6, 1974.*" No judgment or order was entered on *August 6, 1974;* thus, if it was the intention of appellant to appeal from the *May 24, 1974,* judgment she has not complied with NRAP 3(c); cf. NRCP 73(b). "Under this rule we said in Reno Newspapers v. Bibb, 76 Nev. 332, 353 P.2d 458: 'Only those parts of the judgment which are included in the notice of appeal will be considered by the appellate court.'" Welch v. State ex rel. Hwy. Dep't, 80 Nev. 128, 130, 390 P.2d 35, 36 (1964).

[2] This court has consistently granted motions to dismiss appeals where there has been no showing of excusable neglect for dilatory conduct. See, for example: Landmark Plaza, Inc. v. Deligatti, 80 Nev. 48, 389 P.2d 81 (1964); Dep't Hwys. v. Roman Catholic Bishop, 80 Nev. 1, 388 P.2d 202 (1964); Kime v. Wardman, 79 Nev. 348, 384 P.2d 965 (1963); McDowell v. Drake, 77 Nev. 136, 360 P.2d 257 (1961), and cases cited therein.

Appellant neither refutes respondent's contention that the dilatory manner of pursuing the appeal has been prejudicial, nor does appellant offer any challenge to respondent's motion for the imposition of sanctions, in the form of damages, costs and attorney fees.

Since appellant has totally failed to demonstrate any legal justification for her dilatory conduct, we grant respondent's motion and dismiss the appeal. *Tucker Products Corp.,* supra; NRAP 12(c).

We also grant the motion to impose sanctions and award respondent: (1) damages in the amount of 2 percent per month on the $51,738 judgment from May 24, 1974, the date judgment was entered, until said judgment is fully satisfied, in addition to interest as prescribed in NRS 17.130;[3] (2) an attorney's fee of $1,700; and (3) double costs accrued on appeal. NRAP 38.

---

[3]Respondent's motion urged application of this measure of damages, heretofore recognized by this court in Wheeler v. Floral M. & M. Co., 10 Nev. 200 (1875), and followed in Gammans v. Roussell, 14 Nev. 171 (1879); Allen v. Mayberry, 14 Nev. 115 (1879); Escere v. Torre, 14 Nev. 51 (1879). See also, Lehane v. Keyes, 2 Nev. 361 (1867). Appellant totally failed to respond to this issue.