CITY OF LAS VEGAS, NEVADA, a Municipal Corporation, Appellant, v. INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL #1285, Respondent.

No. 25295

May 19, 1994                                      874 P.2d 735

*Bradford R. Jerbic,* City Attorney, and *Larry G. Bettis,* Deputy City Attorney, Las Vegas, for Appellant.

*Hilbrecht & Associates,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent International Association of Firefighters, Local 1285 (Local 1285) has moved to dismiss this appeal because appellant City of Las Vegas (the City) has failed to take any steps toward preparation of the appellate record during the almost fourteen months since the notice of appeal was filed. Because of appellant's indisputably dilatory conduct, we grant respondent's motion to dismiss.

### FACTUAL BACKGROUND

This case involves a manpower dispute between Local 1285 and the City. Under the labor agreement between the parties, the dispute was submitted to an arbitrator, who ruled in favor of Local 1285.

The City thereafter filed an action in the district court to modify or correct the arbitrator's decision. Local 1285 filed a counter action to confirm the arbitrator's ruling. On December 7, 1992, the district court issued an order confirming the arbitrator's decision and entered judgment in favor of Local 1285. On December 22, 1992, the City filed a notice of appeal, and later filed a designation of record, which provided that the City "hereby designates the complete record for appeal."

For the next fourteen months, nothing happened in this case. The appellate record was not transmitted to this court, and the City did not seek even a single extension of time. *See* NRAP 11(d). Understandably frustrated, on February 14, 1994, Local 1285 moved to dismiss the City's appeal because of its delay in causing transmission of the record to this court. *See* NRAP 12(c). The motion is opposed.

### LEGAL ANALYSIS

Our rules regarding record transmission are plain and unambiguous: The burden of ensuring that the appellate record is transmitted to this court in a timely fashion falls squarely upon the appellant. Specifically, NRAP 11(a) requires an appellant to take whatever steps become necessary to cause transmission of the record on appeal to this court in a timely manner.[1] As a

---

[1]NRAP 11(a) provides, in pertinent part:

Except as otherwise provided by these or any other court rules, the record on appeal shall be transmitted to the Supreme Court within 40 days after the filing of the notice of appeal unless the time is shortened

practical matter, of course, an appellant will often be required to do nothing more than designate the record, because the district court clerks will usually prepare and transmit the record in a timely fashion. There will inevitably be occasions, however, where the clerk cannot meet the forty-day deadline specified in NRAP 11(a). On such occasions, NRAP 11(d) allows an appellant to obtain an extension of time for transmittal of the record upon a showing of good cause—but we emphasize that the appellant must affirmatively seek such an extension, and the appellant must affirmatively demonstrate good cause.

Placing the burden on appellant to ascertain that the record is transmitted to this court in a timely fashion is not some procedural trap for the unwary. To the contrary, such a rule is vital to ensuring that appeals proceed to finality in an expeditious fashion, which is a matter of the utmost concern to this court, to litigants in general, and to this State's citizens. It is important, therefore, that this court hold appellants to the requirements delineated in NRAP 11, and that we not condone the behavior of those who sit idly by while their cases clog this court's docket. This court's limited resources are best spent reviewing claims that have been vigorously pursued.

Our procedural rules contemplate severe consequences for appellants who are less than diligent in the pursuit of their appellate rights. Specifically, NRAP 12(c) contemplates the dismissal of appeals where the record does not arrive in this court in a timely fashion after an appellant has failed, for a significant period of time, to take any steps toward causing transmission of the record.[2]

We have not recently had occasion to discuss the standards we use in reviewing motions to dismiss under NRAP 12(c). We begin from the premise that motions to dismiss for the failure to cause transmission of the record should be granted only in the most extreme cases. This limitation follows naturally from this court's oft-stated preference for resolving appeals on their merits. *See, e.g.,* Price v. Dunn, 106 Nev. 100, 105, 787 P.2d 785, 787 (1990), Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 155, 380 P.2d 293, 295 (1963). Thus, while we do not condone any

---

or extended by an order entered under subdivision (d) of this Rule. After filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) and shall take any other action necessary to enable the clerk to assemble and transmit the record . . . .

[2]NRAP 12(c) provides, in pertinent part:

If the appellant shall fail to cause timely transmission of the record or to pay the filing fee if a docket fee is required, any respondent may file a motion in the Supreme Court to dismiss the appeal. . . .

sort of dilatory conduct, we are very reluctant to dismiss an appeal because of short delays in causing transmission of the record, especially where an appellant can show some good reason for the delay.[3] *See, e.g.,* Garibaldi Bros. v. Waldren, 72 Nev. 12, 15, 292 P.2d 356, 357 (1956); Hotels El Rancho v. Pray, 64 Nev. 22, 25, 176 P.2d 236, 237 (1947). However, where the period of delay has been substantial, and where no legally sufficient excuse has been shown, we have often dismissed appeals because of an appellant's failure to cause timely transmission of the record. *See, e.g.,* Varnum v. Grady, 90 Nev. 374, 376-77, 528 P.2d 1027, 1028-29 (1974); Dep't Hwys. v. Roman Catholic Bishop, 80 Nev. 1, 2, 388 P.2d 202, 202 (1964); Dreyer v. Dreyer, 74 Nev. 167, 169, 325 P.2d 705, 705-06 (1958).

This motion requires us to apply these standards here to determine whether appellant's failure to cause timely transmission of the record is sufficiently egregious to warrant dismissal of the appeal. Upon review of the moving and opposition papers submitted herein, we are convinced that appellant's lengthy delay is unexcused and that dismissal is in fact warranted.

The period of delay in this case is both undisputed and egregiously lengthy. Appellant filed a notice of appeal on December 22, 1992, which means that the record was due to be transmitted to this court by February 1, 1993. *See* NRAP 11(a) and NRAP 26(a). Notably, appellant has not sought a single extension of time, and in fact still has not done so.[4] By its own admission, moreover, appellant has contacted the district court clerk's office only once during the past year to check on the status of this case. Remarkably, upon learning that record preparation had not yet been completed, appellant still did not move for an extension of time, nor did appellant take any further action regarding the appeal. Instead, appellant continued to do nothing until it filed its

---

[3]Even though our policy of deciding cases on the merits often induces us not to dismiss cases where dilatory conduct has indisputably occurred, counsel would be unwise to presume that he or she may violate our procedural rules with impunity. Counsel should be forewarned that we will not hesitate to impose sanctions for material violations of our procedural rules. *See, e.g.,* Smith v. Emery, 109 Nev. 737, 856 P.2d 1386 (1993); Allianz Ins. Co. v. Gagnon, 109 Nev. 990, 860 P.2d 720 (1993); Cuzdey v. State, 103 Nev. 575, 747 P.2d 233 (1987); State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984).

[4]The City did ask for an extension in its opposition to this motion to dismiss. As respondent correctly notes, however, the City's request is not in proper form because it is not made as a separate motion. *See* NRAP 27. In any event, even if the City had filed an extension motion at this late date, it would be denied because the City's dilatory conduct is inexcusable.

opposition to this motion. In light of appellant's documented pattern of inactivity, it is likely that if this motion had not been filed, appellant would have continued to do nothing long into the future.

Only the most compelling of justifications would serve to excuse this more than one year lapse in pursuing this appeal. Appellant's proffered excuse for its dereliction is that it had an absolute right to assume that the record preparation process was on track unless the district court clerk informed counsel otherwise.

We find this argument unavailing. Nevada law clearly places the burden on an appellant to keep track of whether the record transmission occurs in a timely fashion. *Varnum,* 90 Nev. at 376-77, 528 P.2d at 1028-29; *Roman Catholic Bishop,* 80 Nev. at 2, 388 P.2d at 202; *Dreyer,* 74 Nev. at 169, 325 P.2d at 705-06. Thus, when it appears that a record will not be filed in this court on time, the appellant must seek extensions and must take any other necessary action to ensure that the record preparation process stays on track.[5] As our cases unmistakably demonstrate, *e.g. Varnum,* 90 Nev. at 376-77, 528 P.2d at 1028, this rule is ignored only at an appellant's peril.

## CONCLUSION

Our review has convinced us that this is one of those extreme cases in which appellant's procedural derelictions are so severe as to warrant dismissal. However, appellant is not the only one who appears to have been remiss in the record preparation process. In reviewing the instant motion, we were disappointed to discover that, after more than a year, the district court clerk has apparently failed to prepare what appears to be a rather brief and simple record. We remind the district court clerk that once a designation of record has been filed, the clerk has a duty to prepare the record to completion. Where the district court clerk determines he or she will not be able to complete the record in a timely fashion, moreover, the district court clerk must notify appellant's counsel in writing that an extension must be obtained before the record may be transmitted to the supreme court.

It is unfortunate when an appeal must be decided without any consideration of the merits; but this case presents an egregious example of the record preparation process gone awry in all

---

[5]At a minimum, an appellant should calendar the date the record is due to be filed in the supreme court, and periodically check with the district court clerk to ensure that deadline will be met.

respects. Because the primary responsibility for this transgression must lie with the appellant, we hereby dismiss this appeal.[6]

---

[6]On March 3, 1994, Local 1285 moved to strike the City's request for an extension of time to cause the clerk to transmit the appellate record, or in the alternative for permission to file a reply. NRAP 27(a). Cause appearing, we deny the motion to strike the request for an extension of time. Cause further appearing, we deny Local 1285's request for permission to file a reply as moot.