OPINION
 

 Per Curiam:
 

 For the second time this year, we address the failure of the law firm of Moran & Weinstock to comply with our procedural rules. In County Comm’rs v. Las Vegas Discount Golf, 110 Nev. 567, 875 P.2d 1045 (1994), we granted a motion for confession of error after Moran & Weinstock, counsel for respondent in that case, refused to comply with an expedited briefing schedule.
 
 *1367
 
 Once again, Moran & Weinstock has failed to file a timely brief— this time in a criminal appeal. For reasons explained below, we remove the firm of Moran & Weinstock as counsel for appellant, remand this matter to the district court for the appointment of new counsel, impose monetary sanctions against counsel, direct that the firm of Moran & Weinstock be removed from the criminal appointment list for the Eighth Judicial District Court, and refer this matter to the State Bar of Nevada for further investigation.
 

 FACTUAL BACKGROUND
 

 On December 4, 1991, appellant James T. Burke was convicted pursuant to a guilty plea of one count of forgery and sentenced to five years in the Nevada State Prison. On December 11, 1991, appellant, in proper person, filed a timely notice of appeal.
 

 Our preliminary review of the record indicated that appellant should be represented by counsel. Accordingly, on August 4, 1992, we remanded this matter to the district court for the appointment of counsel. Four days later, the district court appointed Andrew M. Leavitt of the firm of Moran & Weinstock to represent appellant, and on August 28, 1992, Leavitt filed a docketing statement on appellant’s behalf.
 
 See
 
 NRAP 14.
 

 Following the filing of the docketing statement, Burke submitted an opening brief in proper person, which we ordered filed on September 15, 1992. Thereafter, no action was taken in this case by any party for the next year-and-a-half. Finally, on June 10, 1994, this court ordered appellant to show cause why this appeal should not be dismissed for failure to file the opening brief. We also ordered the law firm of Moran & Weinstock to show cause why it should not be sanctioned for its flagrant disregard of our orders and procedural rules.
 

 In response, Leavitt filed a motion for a confession of error in which he asserts that the appeal should not be dismissed because appellant filed a proper person opening brief on September 15, 1992. Leavitt also argues that the firm did not disregard any orders or rules of this court, and that sanctions against Moran & Weinstock are unwarranted. In fact, Leavitt argues that this court should treat the State’s failure to respond to the proper person opening brief as a confession of error, and should reverse the judgment of conviction.
 
 [1]
 

 
 *1368
 

 DISCUSSION
 

 We are somewhat perplexed by Leavitt’s contentions. When we remanded this matter to the district court for the appointment of counsel, we obviously did so because we desired briefing by counsel, not a layperson. Indeed, our August 4, 1992, order of remand specifically directed
 
 counsel
 
 to file an opening brief on appellant’s behalf within 60 days from appointment. Nothing in our September 15, 1992, order permitting appellant to file a brief in proper person can be read to have relieved counsel of the obligation to file a brief on appellant’s behalf. The import of our orders being plain, we find highly incredible counsel’s assertion that he labored under the belief that the filing of a proper person opening brief fulfilled counsel’s obligation.
 

 Additionally, we note that counsel did nothing to prosecute this appeal until 22 months after the State’s brief was purportedly due, when he finally filed a motion for confession of error.
 
 [2]
 
 The motion for confession of error itself, however, was clearly prompted by this court’s order to show cause. Thus, even if we were to accept counsel’s assertion that the filing of the proper person opening brief freed him from having to file a brief on appellant’s behalf — and, as noted, we emphatically reject such a contention — counsel has still failed to explain why he did nothing to prosecute this appeal beyond the filing of the docketing statement on August 28, 1992.
 

 We have previously stated that we expect that all appeals brought in this court will be pursued in a manner meeting high standards of diligence, professionalism, and competence.
 
 See
 
 Cuzdey v. State, 103 Nev. 575, 747 P.2d 233 (1987); SCR 151. Further, a defendant in a direct appeal from a judgment of conviction has a constitutional right to the effective assistance of counsel.
 
 See
 
 Evitts v. Lucey, 469 U.S. 387 (1985). A review of the proceedings in this case makes it quite clear that counsel’s performance has fallen below the “high standards of diligence, professionalism and competence” we discussed in
 
 Cuzdey.
 
 We therefore conclude that counsel’s performance in the present case could arguably give rise to future claims of ineffective assistance of appellate counsel.
 

 Accordingly, we remand this matter to the Eighth Judicial
 
 *1369
 
 District Court with instructions that the firm of Moran & Weinstock be removed as counsel of record for appellant. We further instruct the district court that neither the law firm of Moran & Weinstock, nor Andrew M. Leavitt shall be compensated in any manner for their handling of this appeal. The district court shall appoint new counsel to represent appellant within 15 days from the date of this opinion. The clerk of the district court shall immediately inform the clerk of this court of the appointment, and new counsel shall promptly enter an appearance with this court. Counsel shall have 60 days from the date of this opinion within which to file the opening brief. Thereafter, briefing shall proceed in strict compliance with NRAP 31(a)(1).
 

 We further conclude that Leavitt’s handling of this appeal warrants the imposition of monetary sanctions. In City of Las Vegas v. Int’l Assoc. Firefighters, 110 Nev. 449, 452 n.3, 874 P.2d 735, 737 (1994), we warned practitioners that “we will not hesitate to impose sanctions for material violations of our procedural rules.” Because Leavitt has materially violated our procedural rules in this case, we hereby sanction him personally. Leavitt shall pay to the Clark County Law Library the sum of $1,000.00, and shall provide the clerk of this court with proof of such payment within 15 days from the date of this opinion. In addition, Leavitt shall serve a copy of this opinion on appellant, and shall provide the clerk of this court with proof of such service within 15 days from the date of this opinion. Leavitt’s failure to comply with these directives in a timely manner will result in the imposition of further sanctions, and, possibly, a citation for contempt of this court.
 

 A cursory review of this court’s records reveals that Moran & Weinstock has acted in a similarly derelict manner as appointed counsel for other criminal appellants. For example, in Scott v. State, Docket No. 24650, the district court appointed Leavitt as appellate counsel on September 15, 1993; to date, no opening brief or extension motion has been filed. Similarly, in Walker v. State, Docket No. 24381, the district court appointed attorney Arnold Weinstock as appellate counsel on August 10, 1993; to date, counsel has failed to file a brief or any other document in this court. And, in Thayer v. State, Docket No. 25392, Moran & Weinstock was obligated to file an opening brief on behalf of appellant on or before April 25, 1994. No opening brief was filed, however, until November 30, 1994. Additionally, in Green v. State, Docket No. 25342, Leavitt having been appointed counsel on March 28, 1994, he was scheduled to file an opening brief on behalf of appellant on or before May 27, 1994. Again, counsel has not yet filed an opening brief, and did not request an extension of time until December 8, 1994. Further, in Young v. State,
 
 *1370
 
 Docket No. 25625, attorney Dennis M. Leavitt was appointed to represent appellant on June 22, 1994, and entered an appearance in this court on June 30, 1994. To date, Leavitt has failed to file an opening brief.
 

 The Supreme Court of Nevada is one of the busiest appellate courts in the nation, and our scarce resources are severely overtaxed. We have recently explained that our resources “are best spent reviewing claims that have been vigorously pursued;” we accordingly cannot “condone the behavior of those who sit idly by while their cases clog this court’s docket.”
 
 Int’l Assoc. Firefighters,
 
 110 Nev. at 451, 874 P.2d at 737. Merely removing the firm of Moran & Weinstock as counsel in this case will do nothing to cure the firm’s derelictions in this and the above-mentioned criminal appeals. We have therefore entered orders today removing Moran & Weinstock as counsel from the cases cited above, and we have imposed sanctions against the firm in each of those cases. We also find it necessary to direct the Eighth Judicial District Court to remove the firm of Moran & Weinstock from its list of attorneys eligible to accept appointments to represent indigent criminal defendants for a period of at least one year from the date of this opinion. Finally, we hereby refer this matter to the State Bar of Nevada for further investigation concerning possible violations of the Supreme Court Rules governing professional conduct.
 

 [1]
 

 Appellant Burke has also submitted a response to our order, in which he asserts that attorney Leavitt should be “removed as counsel,” “referred to
 
 *1368
 
 the Nevada Bar Association,” and “sanctioned to the fullest extent of the law.” Although this court has not granted appellant leave to file papers in proper person,
 
 see
 
 NRAP 46(b), we have received and considered appellant’s response.
 

 [2]
 

 The filing of a proper person brief does not require a response if the party filing the brief is represented by counsel.