*1246 OPINION

Per Curiam:

Respondents have moved to dismiss this appeal and for the imposition of appropriate sanctions based on grounds of multiple procedural derelictions and dilatory pursuit of the appeal.
Appellant sued respondents for more than $2,000,000 in special damages arising from respondents’ actions in implanting an “experimental” device in appellant’s spine, which appellant contends caused him permanent disability. After the trial of this matter was completed, the district court entered judgment in favor of respondents on October 28, 1993. Thereafter, appellant filed a motion for a new trial in the district court. The district court denied the motion. This is an appeal from the October 28, 1993, judgment. Specifically, appellant claims that the district court made numerous errors with regard to evidentiary rulings, jury instructions, and proceedings involving the jury.
Appellant was served with the notice of entry of the order denying the motion for a new trial on January 27, 1994, and filed a notice of appeal and designation of the record on appeal in the district court on February 2, 1994. To date, however, the record on appeal has never been transmitted.
On July 18 and 27, 1994, respondents moved to dismiss this appeal based on appellant’s failure to cause timely transmission of the record on appeal. Appellant opposed the motions and requested an extension of time to transmit the record. By order entered January 19, 1995, we denied respondents’ motions and granted appellant an extension of thirty days from the date of the order within which to cause transmission of the record on appeal. *1247 We imposed a $500 sanction, however, against appellant’s counsel, attorney Robert D. Walker, for failure to comply with our procedural rules.
On February 15, 1995, appellant moved for a second extension of time to transmit the record. By order entered June 14, 1995, we granted appellant another thirty-day extension to cause transmission of the record. Due to the inordinate delay in the processing of this appeal, however, we cautioned attorney Walker that additional sanctions might be imposed for continued dilatory conduct.
Noting that appellant failed to transmit the record by the extended due date, respondents filed this second motion to dismiss appeal on August 4, 1995. Appellant opposes the motion, asserting that the delay was caused by counsel’s “calendaring error and engagement in other trials.” Additionally, appellant requests yet another extension of time to transmit the record based on the unavailability of the trial transcript. This request is opposed.
We note that appellant’s counsel paid the transcript preparation fees in February 1995, but thereafter failed to contact the court reporter for a status update until he was served with the second motion to dismiss in August 1995. We further note that the principal reason proffered by appellant’s counsel for the delay, i.e., a “calendaring error and engagement in other trials,” is identical to the reason for delay given the previous year in the August 4, 1994, opposition to the first motion to dismiss appeal. Indeed, the two-page “Points and Authorities” accompanying the August 10, 1995, opposition is merely a replication of certain portions of the August 4, 1994, opposition.
We stated in our order of January 19, 1995, that we were “gravely concerned by counsel’s failure to comply with our appellate rules.” Further, while we granted relief at that time, we imposed sanctions against counsel and cautioned counsel that additional extensions would be granted only upon a showing of extreme and unforeseeable circumstances. We conclude that counsel’s calendaring error, preoccupation with other trials and failure to contact the court reporter do not constitute extreme or unforeseeable circumstances. See generally Varnum v. Grady, 90 Nev. 374, 528 P.2d 1027 (1974). Nevertheless, the compelling nature of the facts in the underlying dispute persuades us to allow this appeal to proceed. Moreover, in light of this court’s preference for deciding cases on the merits, see, e.g., Price v. Dunn, 106 Nev. 100, 105, 787 P.2d 785, 787 (1990); Hotel Last *1248 Frontier v. Frontier Prop., 79 Nev. 150, 155, 380 P.2d 293, 295 (1963), and because the dilatory conduct in this matter has been occasioned solely by counsel’s inexcusable neglect, rather than his client’s conduct, we decline to dismiss this appeal. Accordingly, we deny respondents’ motion to dismiss this appeal and we grant appellant’s motion for an extension of time. Appellant shall have twenty (20) days from the date of this opinion within which to cause transmission of the record on appeal.
Finally, we cannot condone attorney Walker’s disregard of the strong admonishments concerning his dilatory conduct in the prosecution of this appeal set forth in our order of January 19, 1995. As we stated in Burke v. State, 110 Nev. 1366, 1368, 887 P.2d 267, 268 (1994), “we expect that all appeals brought in this court will be pursued in a manner meeting high standards of diligence, professionalism, and competence.” Accordingly, in light of attorney Walker’s unexcused dilatory conduct in prosecuting this appeal, and the compelling need to promptly resolve the merits of this appeal, we conclude that the imposition of sanctions against attorney Walker in the sum of five thousand dollars ($5,000) is warranted. See City of Las Vegas v. Int’l Ass’n Firefighters, 110 Nev. 449, 452 n.3, 874 P.2d 735, 737 (1994) (“Even though our policy of deciding cases on the merits often induces us not to dismiss cases where dilatory conduct has indisputably occurred .... we will not hesitate to impose sanctions for material violations of our procedural rules”). See also County Comm’rs v. Las Vegas Discount Golf, 110 Nev. 567, 569, 875 P.2d 1045, 1046 (1994); State, Emp. Sec. Dep’t v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984). Of this amount, attorney Walker shall personally pay the sum of one thousand dollars ($1,000) to respondents’ counsel to help defray the expenses incurred in filing the second motion to dismiss this appeal. Further, attorney Walker shall personally pay the sum of four thousand dollars ($4,000) to the Supreme Court Law Library. Counsel shall file proof of such payments with the clerk of this court within ten (10) days from the date of this opinion. We admonish counsel that failure to comply with the mandates of this opinion in a timely manner may result in the imposition of additional sanctions, including dismissal of this appeal.
Accordingly, we deny the motion to dismiss, grant the motion for extension of time and impose sanctions of $5,000 against attorney Walker.