# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 10-2713

PEGGY ABNER and LINDA KENDALL,

*Plaintiffs-Appellants,*

*v.*

SCOTT MEMORIAL HOSPITAL,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. 4:05-cv-00106-RLY-WGH—**Richard L. Young**, *Chief Judge*.

SUBMITTED FEBRUARY 18, 2011—DECIDED MARCH 9, 2011

Before BAUER, POSNER, and MANION, *Circuit Judges*.

POSNER, *Circuit Judge*.  On February 15, 2011, we issued an order to show cause why the appellants should not be sanctioned for filing an oversized brief without our permission. The appellants have responded and the sanctions proceeding is ripe for decision—as indeed is the appeal itself, which has been fully briefed.

The appeal is from the grant of summary judgment to the defendant in a suit under the False Claims Act. Briefs were filed at the end of last year and oral argument was scheduled for February 24 of this year before this panel. The appellants' brief states: "The undersigned [the appellants' lawyer, John L. Caudill] hereby certifies that this brief complies with the type-volume limitation requirements of FRAP [Federal Rule of Appellate Procedure] 32(a)(7)(B), as this brief contains 13,877 words according to a word count by the word-processing system used to produce this brief, exclusive of sections of this brief exempted by FRAP 32(a)(7)(B)(iii)." But in note 1 on page 1 of the appellee's brief we read that the appellants' brief exceeds the 14,000-word limit—that it contains 18,000 words excluding the portions of the brief that Rule 32(a)(7)(B)(iii) exempts from the word limit. No authorization by this court had been sought or given by either party to file an oversized brief. The appellee's brief was within the word limit.

The appellants did not file a reply brief, so the assertion in the appellee's brief concerning the appellants' violation of the rules stood uncontradicted. That's why we issued the order to show cause "why their brief should not be stricken and/or sanctions imposed for failing to comply with Rule 32 and making a false representation to the court." After reading the appellants' response, along with the briefs, we ordered oral argument cancelled.

The response to the order to show cause, signed by lawyer Caudill, concedes that the brief exceeds the

word limit (it exceeds it by more than 4,000 words), and states by way of explanation that he had "inadvertently considered only the words included in the argument section of the brief as part of the Rule 32(a)(7)(B)(iii) requirement (the word count also did not factor in citations made within parentheticals)." It is difficult to see how these errors could be "inadvertent." Rule 32(a)(7)(B)(iii) states: "Headings, footnotes, and quotations count toward the word and line limitations. The corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules or regulations, and any certificates of counsel do not count toward the limitation." There is no ambiguity, hence no room for misinterpreting the rule as confining the required word count to the argument portion of the brief (which would, for example, allow for an endless statement of facts), or as omitting citations in parentheses.

Had appellants filed an 18,000-word brief with a truthful certificate, the brief would have been rejected; there would have been no occasion for sanctions, just as there is no occasion for sanctions when a brief is rejected for omitting a statement of the standard of review or the date on which the judgment was entered, which is essential to determining the timeliness of the appeal. We reject many briefs for these and similar reasons. The problem here, by contrast, is a misrepresentation that was initially successful in averting rejection of the brief. The misrepresentation would have gone unnoticed had the appellee not called it to our attention.

Lawyer Caudill's response to our order to show cause continues with the false claim that the appellants' violation of the Federal Rules of Appellate Procedure "came to the Court's attention via an ex parte contact made by counsel for Appellee directly to the Court of Appeals Clerk—and not (if it were actually a significant matter) in the form of a Motion filed by Appellee. Although Appellants certainly understand the intent behind having such a rule, it [which must mean the appellants] questions the motive of Appellee for raising it as an issue months after filing its response Brief and only eight days prior to oral argument." The appellee's brief was filed on December 30, almost two months before the scheduled date of oral argument, and it is the footnote in that brief that we mentioned earlier, not any ex parte contact with the Clerk's office, that alerted us to the appellants' alleged (and now conceded) violation of Rule 32. Caudill either had never read his opponent's brief or had forgotten it; in either case the accusation of an ex parte contact by his opponent eight days before oral argument (or at any other time) was false. In fairness to Caudill our order to show cause did not mention the footnote in appellee's brief that drew our attention to the possible violation of the word-limit rule, but he should not have leapt to the conclusion that the order was based on an improper communication by his opponent. We add that the appellants' brief is rambling, and would be more effective if compressed to 14,000 words. But Caudill doesn't seek an opportunity to submit a compliant brief. He insists that his 18,000+ word brief be allowed.

The response to the order to show cause, and the belated "Motion for Leave to Exceed Word Count" filed with it, advance no persuasive grounds for allowing an oversized brief to be filed, and so the brief is stricken. We could go further. As the Supreme Court pointed out in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991), a court has the authority "to fashion an appropriate sanction for conduct which abuses the judicial process," including the "particularly severe sanction" of dismissal. See also David G. Knibb, *Federal Courts of Appeals Manual: A Manual on Practice in the United States Courts of Appeals* § 35:1, p. 873 (5th ed. 2007).

We haven't found any cases in which a court dismissed an appeal for violation of Rule 32 alone. But our court and other courts of appeals as well have done so for violations of Rule 30 (or have summarily affirmed the judgment appealed from, as a sanction for such violations), which specifies requirements for the form and content of appendices to briefs. *Snipes v. Illinois Dep't of Corrections*, 291 F.3d 460, 463-64 (7th Cir. 2002); *Urso v. United States*, 72 F.3d 59, 61-62 (7th Cir. 1995); *Mortell v. Mortell Co.*, 887 F.2d 1322, 1327 (7th Cir. 1989); *Morrison v. Texas Co.*, 289 F.2d 382 (7th Cir. 1961); *N/S Corp. v. Liberty Mutual Ins. Co.*, 127 F.3d 1145 (9th Cir. 1997); *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404 (3d Cir. 1980); *United States v. Green*, 547 F.2d 333 (6th Cir. 1976) (per curiam); *United States v. Seaboard Coast Line R.R.*, 517 F.2d 881 (4th Cir. 1975) (per curiam); *Harrelson v. Lewis*, 418 F.2d 246 (4th Cir. 1969) (per curiam); see also *United States v. Rogers*, 270 F.3d 1076, 1085 (7th Cir. 2001). "Misconduct may exhibit such flagrant contempt for the

court and its processes that to allow the offending party to continue to invoke the judicial mechanism for its own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court." *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993). "Permitting the plaintiff to pursue his claim would take the punch out of the punishment for pummeling the probity of the judicial system." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006); see also *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Cosby v. Meadors*, 351 F.3d 1324, 1333 (10th Cir. 2003); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 37 (1st Cir. 2001); *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000).

The flagrancy of the violation in this case might well justify the dismissal of the appeal: let this be a warning. But in addition it is plain from the briefs that the appeal has no merit. To allow time for the appellants to file a compliant brief and the appellees to file a revised brief in response, and to reschedule oral argument, would merely delay the inevitable.

The motion to file an oversized brief is denied and the judgment of the district court summarily

AFFIRMED.