130 Nev., Advance Opinion 23

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HUCKABAY PROPERTIES, INC., A NEVADA CORPORATION, Appellants, vs. NC AUTO PARTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND STEVEN B. CRYSTAL, AN INDIVIDUAL, Respondents. | No. 61024 **FILED** MAR 27 2014 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
| HUCKABAY PROPERTIES, INC., A NEVADA CORPORATION; AND JOHN HUCKABAY, JR., Appellants, vs. NC AUTO PARTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND STEVEN B. CRYSTAL, Respondents. | No. 61791 |

Petition for en banc reconsideration of an order dismissing appeals for failure to file opening brief and appendix.

*Petition for en banc reconsideration denied.*

Hoffman, Test, Guinan & Collier and John A. Collier, Reno; McDonald Carano Wilson LLP and Debbie A. Leonard and Seth T. Floyd, Reno; Sterling Law LLC and Beau Sterling, Las Vegas, for Appellants.

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Wm. Patterson Cashill, Reno, for Respondents.

8/29/14: Corrected per letter to publishers. CJ

14-09701

BEFORE THE COURT EN BANC.

## OPINION

By the Court, HARDESTY, J.:

These consolidated appeals were dismissed for failure to timely file the opening brief and appendix. In seeking the en banc court's reconsideration, appellants argue that dismissal of their appeals based on the missteps of their lead appellate attorney is contrary to this court's precedent recognizing public policy favoring dispositions on the merits. Appellants' dissatisfaction with their attorney's performance, however, does not entitle them to the reinstatement of their appeals, and their argument to the contrary is not consistent with general agency principles, under which a civil litigant is bound by the acts or omissions of its voluntarily chosen attorney. Although this court has a sound policy preference for deciding cases on the merits, that policy is not absolute and must be balanced against countervailing policy considerations, including the public's interest in expeditious resolution of appeals, the parties' interests in bringing litigation to a final and stable judgment, prejudice to the opposing side, and judicial administration concerns, such as the court's need to manage its sizeable and growing docket. We therefore disagree with appellants that precedential uniformity provides a basis to reinstate these appeals. As appellants' contentions fail to satisfy NRAP 40A's standards, en banc reconsideration is denied.

## FACTS AND PROCEDURAL HISTORY

The appeal in Docket No. 61024 challenged a district court judgment following a bench trial in a real property contract action. The appeal in Docket No. 61791 challenged the same court's post-judgment orders awarding attorney fees and costs. The appeals were consolidated

on December 12, 2012, and a briefing schedule was set, under which appellants' opening brief was due by no later than March 12, 2013.

*Overdue opening brief*

On appellants' motion, the brief's due date was extended to April 11, 2013. On April 12, 2013, appellants filed a motion seeking a second extension until May 13, 2013, to file the brief. Because appellants did not submit the brief by the May 13 requested deadline, appellants' motion for a second extension was denied as moot on May 24, 2013. Despite denying the motion, the May 24 order allowed appellants 11 more days, until June 4, 2013, to file and serve the opening brief and appendix, but the order warned that failure to do so could result in the appeals' dismissal. The brief and appendix were not filed by that deadline. Appellants had two attorneys of record in these appeals: Beau Sterling and John A. Collier. Mr. Sterling apparently was responsible for briefing the appeal and filing documents in this court. Mr. Collier, who was trial counsel, received copies of this court's notices and orders.

*Motion to dismiss*

On June 10, 2013, respondents filed a motion to dismiss these appeals.[1] Appellants, through Mr. Sterling, opposed the motion and again

---

[1]Mr. Sterling is a registered user of the court's electronic filing system and Mr. Collier is not. The Nevada Electronic Filing and Conversion Rules provide that the court must provide notice to all registered users that a document has been electronically filed and is available for review, and registered users are deemed to have consented to receiving service electronically. *See* NEFCR 9(b)-(c). As to nonregistered users, a party filing a document must serve the nonregistered recipient by traditional means. NEFCR 9(d). Here, respondents filed the motion to dismiss electronically, such that Mr. Sterling received service, but they did not serve Mr. Collier by traditional means.

asked for more time to file the brief, until June 12, stating that the "short amount of additional time is requested in order to help spread out the deadlines slightly on a number of matters, including this one, that all fell due around the same time, and most of which are similarly urgent." Mr. Sterling also represented that he had recently filed briefs and prepared for oral argument in other matters and that he had a personal commitment. He stated that his motion for a third extension of time was filed late because he wanted to be sure he could complete the brief by any new deadline requested before making the motion.

Respondents opposed any additional time and argued that because this court denied appellants' second motion for an extension of time as moot in the May 24 order, the 11-day grace period allowed in that order for filing the brief could not "possibly have lead Mr. Sterling to believe the court would grant another extension or that the 11-day time limit in the order could be ignored." Respondents also stated that Mr. Sterling misrepresented that he attempted to contact respondents to confer on a third extension of time.

On June 14, 2013, appellants electronically filed in this court a "certificate of service" for the opening brief and appendix, indicating that on June 12, 2013, they submitted to this court and served on respondents by United States mail the opening brief and appendix. The brief and appendix, however, were not submitted to this court for filing with the certificate of service. They were subsequently provisionally received in this court by mail on June 17, 2013. Based on the failure to file the brief and appendix by the June 4 deadline and failure to comply with court rules and directives, the appeals were dismissed by order of this court on June 25, 2013.

*Motion for reconsideration and petition for rehearing*

Through newly retained counsel, appellants filed a motion for reconsideration and a petition for rehearing to reinstate their appeals, arguing that they had no knowledge of Mr. Sterling's pattern of disregard for this court's orders, and relying on this court's stated policy favoring merit-based consideration of appeals. They also stated that Mr. Sterling and respondents' counsel failed to notify Mr. Collier about respondents' motion to dismiss, which "prevented Mr. Collier from taking steps to salvage the appeal[s]."

Respondents opposed the motion and rehearing petition, arguing that Mr. Collier was aware of the briefing deadlines and was served with this court's notices and order regarding missed deadlines and warning about possible dismissal for failing to file documents. Respondents argued that this awareness, along with the fact that Mr. Collier never received a draft copy of the opening brief from Mr. Sterling at any time before the briefing deadline expired, should have made it clear to Mr. Collier that the appeals were not being managed properly. In that regard, they pointed out that Mr. Sterling contacted Mr. Collier on June 4, 2013, requesting copies of the transcripts from Mr. Collier, which should have alerted Mr. Collier that Mr. Sterling could not have possibly already prepared the brief because he did not have the necessary transcripts even on the brief's final due date, June 4. Respondents also argued that even though Mr. Collier was not served with a copy of the motion to dismiss, which was filed on June 10, 2013, the opening brief was overdue by that date and this court could have sua sponte dismissed the appeals pursuant to its May 24 order, a copy of which was provided to Mr. Collier.

The motion for reconsideration and petition for rehearing were denied. *See* NRAP 31(b)(3) (requiring a motion for an extension of time to

be filed before the filing deadline expires); NRAP 31(d) (explaining consequences for failing to file briefs, including dismissal); *Weddell v. Stewart*, 127 Nev. ___, 261 P.3d 1080 (2011) (addressing counsel's repeated failures to follow court rules and directives and declining to reconsider an order dismissing an appeal based on such failures); NRAP 40(c) (setting forth rehearing standards). This petition for en banc reconsideration followed.

## DISCUSSION

In seeking to reinstate their appeals, appellants contend that reconsideration is necessary to maintain uniformity in the court's jurisprudence and to preserve public policy favoring a decision on the merits and disfavoring a "deprivation of appeal rights based solely on the missteps of counsel."[2] Appellants further contend that since Mr. Collier was not served with the motion to dismiss or Mr. Sterling's motions for

---

[2]According to appellants, this court's dismissal order punished appellants for their attorney's misconduct in other unrelated cases, notwithstanding that Mr. Sterling belatedly sought a third extension of time and ultimately submitted the opening brief in these matters, albeit late. To the contrary, the order dismissing these appeals was grounded solely on appellants' failure to comply with court rules and orders concerning the overdue documents in these matters. Thus, appellants' contention that they are being punished for their attorney's "misconduct in other cases unrelated to their own" is not supported and lacks merit. Although Mr. Sterling was referred to the state bar in the same order dismissing the appeals, the dismissal was based on the circumstances of these two appeals, only. While Mr. Sterling's referral to the state bar was based in part on the conduct that led to the dismissal of these appeals, and in part on similar conduct in other cases, the inverse is not true, *i.e.*, these appeals were not dismissed based in any part on Mr. Sterling's conduct in other cases. Thus, we do not further address this argument.

extensions of time, they were deprived of their constitutional right to receive proper service (on Collier).

En banc reconsideration is disfavored, and this court will only order reconsideration when necessary to preserve precedential uniformity or when the case implicates important precedential, public policy, or constitutional issues. NRAP 40A(a). Neither of those standards have been met here.

*Precedential uniformity does not mandate reinstatement of these appeals*

In seeking reconsideration, appellants argue that *Hansen v. Universal Health Services of Nevada, Inc.*, 112 Nev. 1245, 924 P.2d 1345 (1996), demands that these matters be heard on their merits, but we are not persuaded that it does.[3]

In *Hansen*, the court noted its concern with appellant's counsel's failure to comply with court rules and orders, but nevertheless declined to grant respondents' motion to dismiss the appeal. *Id.* at 1247, 924 P.2d at 1346. The appellant in *Hansen* was a patient who alleged that he was permanently disabled as a result of the respondents' actions in implanting an experimental device in appellant's spine. *Id.* at 1246, 924

---

[3]Appellants also rely on *Hotel Last Frontier Corp. v. Frontier Properties, Inc.*, 79 Nev. 150, 154-55, 380 P.2d 293, 295 (1963), but *Frontier* reviewed the district court's denial of an NRCP 60(b) motion to set aside a default judgment, and there is no analogous remedial rule in the appellate context that allows an appeal's reinstatement based on excusable neglect or mistake. Instead, when a party receives an unfavorable decision on appeal, rehearing or reconsideration may be granted if that party meets the standards set forth under NRAP 40 or NRAP 40A. Thus, because *Frontier* was decided under different procedural and factual circumstances than these appeals, we do not further address *Frontier*.

P.2d at 1345-46. In the district court, appellant sought over $2,000,000 in damages, and when he lost at trial and judgment was entered against him, he appealed alleging numerous reversible trial errors. *Id.* Appellant's attorney, however, failed to have the record transmitted from the district court to this court despite being given several extensions of time to accomplish that rule-mandated task. *Id.* at 1246-47, 924 P.2d at 1346. Respondents moved to dismiss the appeal, and the court denied the motion, explaining that

> counsel's calendaring error, preoccupation with other trials and failure to contact the court reporter do not constitute extreme or unforeseeable circumstances. Nevertheless, the compelling nature of the facts in the underlying dispute persuades us to allow this appeal to proceed. Moreover, in light of this court's preference for deciding cases on the merits, and because the dilatory conduct in this matter has been occasioned solely by counsel's inexcusable neglect, rather than his client's conduct, we decline to dismiss this appeal.

*Id.* at 1247-48, 924 P.2d at 1346 (citations omitted). *Hansen*, therefore, is grounded on three reasons: its compelling facts, policy preference for merits-based dispositions, and the dilatory conduct was deemed attributable to counsel, not appellant. *Id.*

Addressing each of those reasons, we conclude that *Hansen* first is limited in part to its facts, which were determined to be "compelling." *Id.* But the compelling facts-conclusion that the court recognized is not followed by any citation of authority, nor did the court advance any reasoning or explanation why the nature of the facts might be a sustainable basis to allow an appeal to continue despite repeated failures to comply with court rules and orders. *Id.* Because *Hansen* does

not provide any reasoning or legal basis for the conclusion that compelling facts may preclude dismissal, we conclude that the factual nature of an underlying case is not an appropriate measure to evaluate whether an appeal should be dismissed for violations of court rules and/or orders. Thus, we disapprove of *Hansen* to the extent it indicates that a fact-based assessment of the underlying civil action should be made before determining whether to dismiss an appeal on procedural grounds.

Second, although *Hansen* was also partly based on the sound policy preference for deciding cases on the merits, that policy is not boundless and must be weighed against other policy considerations, including the public's interest in expeditious appellate resolution, which coincides with the parties' interests in bringing litigation to a final and stable judgment; prejudice to the opposing party; and judicial administration concerns, such as the court's need to manage its large and growing docket. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 406-08 (3d Cir. 1980); *GCIU Emp'r Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (noting that courts must "perpetually balance the competing interests of keeping a manageable docket against deciding cases on their merits"). Thus, a party cannot rely on the preference for deciding cases on the merits to the exclusion of all other policy considerations, and when an appellant fails to adhere to Nevada's appellate procedure rules, which embody judicial administration and fairness concerns, or fails to comply with court directives or orders, that appellant does so at the risk of forfeiting appellate relief. *See* NRAP 31(d) (describing consequences for failure to file briefs or appendix, which include dismissal of the appeal); *Weddell v. Stewart*, 127 Nev. ___, 261 P.3d 1080 (2011); *City of Las Vegas*

*v. Int'l Ass'n of Firefighters, Local No. 1285*, 110 Nev. 449, 874 P.2d 735 (1994); *Varnum v. Grady*, 90 Nev. 374, 528 P.2d 1027 (1974); *see also* NRAP 9(a)(6) *and* NRAP 14(c) (providing that an appeal may be dismissed for failure to file transcript request forms and docketing statements, respectively). Accordingly, dismissal of an appeal after a party fails to comply with court rules and orders is not inconsistent with the policy preference to decide cases on the merits when balanced with other policy concerns, and our decision to dismiss these appeals following such failures does not mandate reconsideration to maintain uniformity with *Hansen*.

Finally, *Hansen*'s reasoning that the appeal should be allowed to proceed in part because the dilatory conduct in that matter was "occasioned solely by counsel's inexcusable neglect, rather than his client's conduct," is inconsistent with general agency principles. 112 Nev. at 1247-48, 924 P.2d at 1346. In particular, an attorney's act is considered to be that of the client in judicial proceedings when the client has expressly or impliedly authorized the act. Restatement (Third) of The Law Governing Lawyers §§ 26, 27 (2000 & Supp. 2013); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (noting that in a representative litigation system, "clients must be held accountable for the acts and omissions of their attorneys"). Thus, to the extent that *Hansen* holds that dismissal will not follow violations of court rules or orders because counsel, acting on the client's behalf, occasioned such violations, that decision is overruled.[4]

---

[4]While the United States Supreme Court has recognized an exception to holding a litigant responsible for its attorney's procedural errors when the attorney actually abandons the client without notice, thus severing the principal-agent relationship, the cause necessary for that

*continued on next page...*

*Failure to follow court rules as grounds for dismissing civil appeal*

The United States Supreme Court has recognized that when an action is dismissed for failure to comply with court rules, the litigant cannot seek a do-over of their dismissed action based on arguments that dismissal is too harsh a penalty for counsel's unexcused conduct, as to do so would offend general agency principles. *Link*, 370 U.S. at 633-34 (rejecting argument that petitioner's claim should not have been dismissed based on counsel's unexcused conduct because "[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"). While *Link* was decided in the context of reviewing a trial court dismissal for failure to prosecute, its reasoning that a party cannot seek to avoid a dismissal based on arguments that his or her attorney's acts or omissions led to the dismissal applies to appellate court dismissals with equal force.

For example, in *Kushner v. Winterthur Swiss Insurance Co.*, the Third Circuit Court of Appeals dismissed an appeal for appellant's failure to file an appendix that complied with court rules. 620 F.2d 404,

---

*...continued*
exception to apply is not present here. *See Maples v. Thomas*, 565 U.S. ___, ___, 132 S. Ct. 912, 922-23 (2012) (distinguishing claims of attorney error, no matter how egregious, from claims of attorney abandonment, in concluding that cause to excuse procedural errors cannot be based on an attorney's error). We have also recognized two exceptions to the general agency rule that the "sins" of the lawyer are visited upon his client where the lawyer's addictive disorder and abandonment of his legal practice or criminal conduct justified relief for the victimized client, but those exceptional circumstances are not present here either. *See NC-DSH, Inc. v. Garner*, 125 Nev. 647, 656, 218 P.3d 853, 860 (2009); *Passarelli v. J-Mar Dev., Inc.*, 102 Nev. 283, 286, 720 P.2d 1221, 1223-24 (1986).

407 (3d Cir. 1980). In so doing, the court made it clear to the appellate bar the importance and necessity of complying with court rules concerning the content and filing of briefs and appendices. *Id.* The court explained the practical reasons and jurisprudential justification for its decision to dismiss the appeal, noting that the rules of appellate procedure and local court rules were enacted to enable the court to effectively process its increasing caseload, and that the number of appeals filed per judge had swelled dramatically since the rules were enacted. *Id.* at 406-07.[5] The court thus reasoned that it would not expend valuable judicial time in performing the work of errant counsel who failed to properly comply with briefing rules, and who, by failing to abide by appellate rules, hindered the court's efforts to provide speedy and just dispositions of appeals for every litigant. *Id.* at 407; *see also Barber v. Am. Sec. Bank*, 841 F.2d 1159, 1162, (D.C. Cir. 1988) (dismissing appeal based on "counsel's failure to file a brief on time, his failure to file a motion for an extension ten days prior to the date his brief was due, his failure to seek leave to file his time

---

[5]Unlike civil procedure rules governing district court actions, appellate court rules generally do not provide a remedial basis for reconsidering a final decision based on a litigant's neglect or mistake in processing its appeal; instead, rehearing or reconsideration of an appeal are not favored and will only be granted for limited reasons. *Compare, e.g.,* the remedial district court rule NRCP 60(b), which provides a mechanism for setting aside a default judgment or order for mistake, inadvertence, surprise, or excusable neglect *with* the appellate rule for rehearing, NRAP 40, which allows rehearing of an appeal only upon demonstration that the court overlooked or misapprehended points of law or fact, and NRAP 40A, which explains the two bases on which en banc reconsideration may be granted, neither of which are grounded on counsel's or the litigant's excusable neglect, mistake, or inadvertence.

enlargement motion late, and the clearly inadequate grounds he eventually offered for the late filings").

In imposing the sanction of dismissal, the court in *Kushner* was mindful of the impact on appellants, noting that it could be argued that dismissal of an appeal unduly penalizes the litigant for the dereliction of errant counsel. 620 F.2d at 407. The court reasoned, however, that unlike a defendant in a criminal case, an aggrieved party in a civil case involving only private litigants "does not have a constitutional right to the effective assistance of counsel. The remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice." *Id.* at 408 (internal quotation marks omitted).[6] Other federal appellate courts have similarly dismissed appeals as a sanction for poorly presenting a case or failing to comply with briefing and appendix content rules. *See Abner v. Scott Mem'l Hosp.*, 634 F.3d 962, 965 (7th Cir. 2011) (summarily affirming district court summary judgment and striking oversized brief that was not accompanied by a timely and supported motion for leave to exceed the

---

[6]Although in criminal appeals the constitutional right to effective assistance of counsel under the United States Constitution's Sixth Amendment applies, there is no parallel constitutional protection in the civil context. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defense"); *Rodriguez v. Eighth Judicial Dist. Court*, 120 Nev. 798, 804-05, 102 P.3d 41, 45-46 (2004) (recognizing that the Sixth Amendment right to counsel applies only in criminal prosecutions); *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) ("[T]he sixth amendment right to effective assistance of counsel does not apply to civil litigation."); *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006) (providing that "[i]f a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney").

type-volume limitation, and announcing a warning that the "flagrancy of the violation" of the appellate rules alone might well have justified the appeal's dismissal); *Snipes v. Ill. Dep't of Corr.*, 291 F.3d 460, 464 (7th Cir. 2002) (noting that an appellate court may dismiss an appeal or summarily affirm the judgment when appellant fails to comply with briefing rules); *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145 (9th Cir. 1997) (dismissing appeal based on briefing violations); *United States v. Green*, 547 F.2d 333 (6th Cir. 1976) (dismissing appeal based on appendix deficiencies); *see generally* Wesley Kobylak, Annotation, *Sanctions, in Federal Circuit Courts of Appeals, for Failure to Comply with Rules Relating to Contents of Briefs and Appendixes*, 55 A.L.R. Fed. 521, 526-27 (1981).

Here, appellants did not follow the rules governing briefing and motions practice, and they did not adhere to the briefing deadlines set forth by court order, nor did they provide any adequate basis for their failure to do so. Thus, they cannot expect this court to continue to keep these matters on its docket and then consider the merits of the appeals when appellants eventually decide to submit their brief for consideration. Our May 24, 2013, order in fact warned appellants that dismissal may be forthcoming if the brief was not filed by the deadline imposed by that order. The dismissal therefore should have come as no surprise. Although appellants contend that *Hansen v. Universal Health Services of Nevada, Inc.*, 112 Nev. 1245, 924 P.2d 1345 (1996), provides them an out for the dismissal of their appeals and that *Hansen* should be applied to grant them a mulligan, in a sense, such a do-over is appropriately limited to remedy a poorly executed tee-shot, and not so much in the litigation

setting to correct failures to adhere to court rules and orders.[7] This court has in fact on several occasions recognized that an appeal may be appropriately dismissed for just such violations. *See Weddell v. Stewart*, 127 Nev. ___, 261 P.3d 1080 (2011) (declining to reconsider an order dismissing an appeal based on repeated failures to follow court rules and directives); *City of Las Vegas v. Int'l Ass'n of Firefighters, Local No. 1285*, 110 Nev. 449, 453-54, 874 P.2d 735, 738 (1994) (concluding that dismissal was an appropriate sanction for failure to supply the record and take action in an appeal as "the primary responsibility for this transgression must lie with the appellant"); *Varnum v. Grady*, 90 Nev. 374, 528 P.2d 1027 (1974) (dismissing an appeal based on appellant's counsel's multiple procedural derelictions and dilatory pursuit of appeal). As explained above, our decision denying reconsideration and declining to reinstate these appeals is consistent with authority from federal jurisdictions and with general agency principles that bind a client to its attorney's acts and omissions.

---

[7]Likewise, appellants' argument that the court could have accepted the late-submitted brief and appendix does not provide a basis for en banc reconsideration. *See* NRAP 40A; NRAP 31(b)(3) (a motion for an extension of time may be made no later than the due date for the brief); *Varnum v. Grady*, 90 Nev. 374, 376, 528 P.2d 1027, 1028-29 (1974) (counsel's caseload is not a reasonable ground for neglect of duties); *Malloy v. WM Specialty Mortg., L.L.C.*, 512 F.3d 23, 27 (1st Cir. 2008) (affirming district court dismissal order, concluding that "plaintiffs proffered no legitimate excuse for the delay," and instead relied on legally insignificant excuses, such as preoccupation with other cases); *Damiani v. R.I. Hosp.*, 704 F.2d 12, 17 (1st Cir. 1983) (affirming district court dismissal order and, in so doing, pointing out counsel's improper conduct in filing self-indulgent motions, not making every effort to comply with court orders, not seeking consent of opposing counsel if compliance was actually impossible, and not seeking "court approval for noncompliance based on a truly valid reason").

*Respondents' failure to serve appellants' second attorney with their motion to dismiss is not grounds for reconsideration*

Appellants argue that because Mr. Collier was not served with the motion to dismiss or Mr. Sterling's motions for extensions of time, the court, in dismissing these appeals, "Condone[d] a Deprivation of Due Process." They argue that "[g]iven the serious due process issues that are implicated by respondents' failure to serve Mr. Collier with the motion to dismiss, the panel should not have deprived appellants of their appeal rights under these circumstances."

We reject appellants' argument that this court approved or condoned any conduct that led to a deprivation of appellants' constitutional rights. Appellants freely chose their appellate counsel, and counsel was served with all documents in this matter, including this court's May 24, 2013, order warning that the appeals were subject to dismissal if appellants failed to file the opening brief and appendix by June 4, and respondents' motion to dismiss, which counsel opposed on appellants' behalf. In fact, both of appellants' attorneys of record were served with the May 24 order and both were aware or should have been aware of the briefing deadlines. Regardless, NRCP 5(b) provides that when service "is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney."[8] The rule refers to "an attorney" and "the attorney" in the singular, and courts interpreting the analogous federal rule have rejected the argument that FRCP 5 requires service on all counsel of record. *See Nelson v. Heer*,

---

[8]NRAP 25(b) uses consistent language, requiring a party to serve documents on other *parties* to the appeal and that "[s]ervice on a party represented by counsel shall be made on the party's counsel."

SUPREME COURT
OF
NEVADA

(O) 1947A

121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) (recognizing that "federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules").

In particular, federal courts—recognizing that FRCP 5 requires service on all parties, not on each attorney appearing on behalf of a party—have held that service on one attorney is effective service of a pleading. *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990); *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (concluding that service of a summary judgment motion on one of plaintiff's attorneys, but not on the other, was effective service under FRCP 5); *see also City of Lincoln v. MJM, Inc.*, 618 N.W.2d 710, 713 (Neb. Ct. App. 2000) (citing *Comstock v. Cole*, 44 N.W. 487, 488 (Neb. 1890)) (concluding that "the law has long been that where there are two attorneys of record, service upon one of them is adequate"). And in Nevada, "[n]otice to an attorney is, in legal contemplation, notice to his client." *Lange v. Hickman*, 92 Nev. 41, 43, 544 P.2d 1208, 1209 (1976). Thus, even if only one of two or several attorneys is served with a document, a party represented by the served attorney is deemed to have received notice of the document. *See id.* Accordingly, appellants' constitutional rights remained intact throughout the appellate process, and respondents' failure to serve Mr. Collier with the motion to dismiss does not provide a basis for en banc reconsideration, as Mr. Sterling was served with that document and both Mr. Sterling and Mr. Collier were served with this court's May 24 order denying the motion for an extension

SUPREME COURT
OF
NEVADA

(O) 1947A

17

of time and warning that failure to file the brief could result in the appeals' dismissal.[9]

## CONCLUSION

While Nevada's jurisprudence expresses a policy preference for merits-based resolution of appeals, and our appellate procedure rules embody this policy, among others, litigants should not read the rules or any of this court's decisions as endorsing noncompliance with court rules and directives, as to do so risks forfeiting appellate relief. In these appeals, appellants failed to timely file the opening brief and appendix after having been warned that failure to do so could result in the appeals' dismissals. Appellants actually had two attorneys who received copies of this court's notices and orders regarding the briefing deadline, but they nevertheless failed to comply with briefing deadlines and court rules and orders. Although they assert that *Hansen v. Universal Health Services of Nevada, Inc.*, 112 Nev. 1245, 924 P.2d 1345 (1996), mandates reconsideration and reinstatement of their appeals, *Hansen* was a fact-specific decision to some extent, and an appeal may be dismissed for failure to comply with court rules and orders and still be consistent with the court's preference for deciding cases on their merits, as that policy must be balanced against other policies, including the public's interest in an expeditious appellate process, the parties' interests in bringing litigation to a final and stable judgment, prejudice to the opposing side, and judicial administration considerations, such as case and docket

---

[9]Although appellant's constitutional deprivation argument lacks merit, we point out that attorneys who do not participate in the electronic filing system should be served by traditional means. *See* NRAP 25(c); NEFCR 9(d).

management. As for declining to dismiss the appeal because the dilatory conduct was occasioned by counsel, and not the client, that reasoning does not comport with general agency principles, under which a client is bound by its civil attorney's actions or inactions, and thus *Hansen* is overruled to the extent that it holds otherwise. For the reasons stated above, all other arguments advanced by appellants in support of their petition for en banc reconsideration are either not legally sound or do not meet the standards for en banc reconsideration under NRAP 40A. En banc reconsideration is therefore denied.

_____, J.
Hardesty

We concur:

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Douglas

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A